628 F.2d 875
 80-2 USTC P 9748
 UNITED STATES of America and Internal Revenue Service
Officer Jay M. Wendell, Plaintiffs-Appellees,
v.
E. L. HARRIS, Sr., President Fresno Manufacturing Co.,
Defendant-Appellant.
UNITED STATES of America and Internal Revenue Service
Officer Jay M. Wendell, Plaintiffs-Appellees,
v.
FRESNO FARMS, INC., E. L. Harris, President, Defendant-Appellant.
UNITED STATES of America and Internal Revenue Service
Officer Jay M. Wendell, Plaintiffs-Appellees,
v.
FRESNO STRUCTURAL and Hangar Fabricators, Inc., E. L.
Harris, Sr., President, Defendant-Appellant.
UNITED STATES of America and Internal Revenue Service
Officer Jay M. Wendell, Plaintiffs-Appellees,
v.
E. L. HARRIS, Sr., President, Patty's Ranch, Inc.,
Defendant-Appellant.
 Nos. 78-2958 to 78-2961.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 23, 1980.
 
 Robert L. Rolnick, Andrew G. Shebay, III, Houston, Tex., for defendants-appellants.
 M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Tax Div., Dept. of Justice, Chief, Appellate Sec., Washington, D. C., Carleton D. Powell, Aaron P. Rosenfeld, Tax Div., Dept. of Justice, Washington, D. C., for plaintiffs-appellees.
 Appeals from the United States District Court for the Southern District of Texas.
 Before SIMPSON, HILL and HATCHETT, Circuit Judges.
 SIMPSON, Circuit Judge:
 
 
 1
 In these consolidated appeals the taxpayer, E. L. Harris, Sr., seeks to overturn a district court order enforcing four summonses issued by an Internal Revenue Service (IRS) special agent pursuant to § 7602[1] of the Internal Revenue Code. Harris argues (1) that the district judge abused his discretion by denying taxpayer pretrial discovery; and (2) that the district judge's curtailment of the scope of witness interrogation at the summons enforcement hearing denied the taxpayer his right to an adversary hearing. Applying the principles set forth in United States v. LaSalle National Bank, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), we find the district judge acted within his discretion, and affirm.
 
 FACTS
 
 2
 In late August of 1977 an IRS special agent served four summonses on Harris in his capacity as president of the four corporate parties. The substantially identical summonses directed Harris to appear before the agent at which time he was to give testimony and produce the books and records of the corporations. Harris refused by mailing a document entitled "Notice of Protest" to the IRS. The protest alleged the summonses to be unenforceable because they were issued solely for the purpose of gathering evidence for the criminal prosecution of Harris, his wife, and/or his corporations.
 
 
 3
 Upon the government's request the district court ordered the taxpayer to appear before the court to show cause why the summons should not be enforced. See I.R.C. §§ 7402(b), 7604(a).[2] Harris immediately began a massive discovery effort, including notices to depose three IRS agents and notices to produce at the deposition hearings every IRS document or paper that might be remotely related to the tax liability of Harris or his corporations. Five days later Harris filed answers to the government petitions. Each answer admitted every allegation in the petition to enforce the summonses, but stated that the taxpayer had protested the production of the records and denied that the records were subject to a § 7602 summons. Record vol. 1 at 39-40.
 
 
 4
 The government responded to Harris' discovery attempts by filing a motion for a protective order prohibiting the discovery. Fed.R.Civ.P. 26(c)(1). The accompanying memorandum of law argued that the attendant delay and likely compromise of confidential sources would prejudice the investigation. The memorandum pointed out that the taxpayer had not pled a specific reason why the summonses should not be enforced. However, the government assumed in its memorandum that the discovery was aimed at evidence that the summonses were issued solely to obtain evidence for a criminal prosecution as alleged in the taxpayer's "Notice of Protest".
 
 
 5
 The government's petition was heard on August 23, 1977. At the beginning of the hearing the taxpayer's counsel requested the court to "formally rule on the government's motion for protection that was heard yesterday in chambers." Tr. at 4. The court granted the motion. The government introduced testimony that the investigation was still in the fact finding stages; that no referral had been made to the Department of Justice recommending criminal prosecution;[3] and that the requirements established in United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), were satisfied.[4]
 
 
 6
 During the course of the hearing four IRS special agents were examined in depth by counsel for both sides, as indicated by the 127 page transcript of the hearing. A major portion of the taxpayer's inquiry concerned the government's purpose in issuing the summonses. Harris claims that the district judge denied his right to an adversary hearing[5] by sustaining government objections to seventeen questions. After examination of all witnesses Harris moved to continue the hearing so that he could have discovery on the sole criminal purpose issue. The motion was denied and the court entered an order enforcing the summonses.BACKGROUND
 
 
 7
 The IRS is duty bound to inquire after persons who may be liable for the payment of taxes. I.R.C. § 7601; Donaldson v. United States, supra, 400 U.S. at 523, 91 S.Ct. at 539, 27 L.Ed.2d at 585. Section 7602 of the Internal Revenue Code gives the IRS broad investigatory authority to examine relevant materials and to summon persons to appear for the purpose of producing relevant records or giving testimony under oath. Although a § 7602 summons need not be supported by probable cause, the summons must be issued in good faith, for a purpose authorized by the statute and before the case is referred to the Department of Justice with a recommendation for criminal prosecution. See notes 3 and 4, supra. A taxpayer who receives a summons is required to attend but may refuse in good faith, if he intends to challenge the summons for lack of good faith on the part of the IRS. See United States v. Roundtree, 420 F.2d 845 (5th Cir. 1970). The IRS does not have direct authority to enforce a challenged summons; that authority is vested in the district courts. I.R.C. §§ 7402(b), 7604(a).
 
 
 8
 Before the district court may enforce a § 7602 summons the taxpayer is generally entitled to an adversary hearing (summons enforcement hearing) where "he 'may challenge the summons on any appropriate ground' . . . ." United States v. Powell, supra, 379 U.S. at 58, 85 S.Ct. at 255, 13 L.Ed.2d at 119, quoting Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459, 466 (1964). An appropriate ground for challenge is that the summons was issued in bad faith. A summons is issued in bad faith if it is issued for an improper purpose such as to harass the taxpayer, to force the taxpayer to settle a collateral suit or for the sole purpose of gathering evidence for a criminal prosecution. United States v. Powell, supra, 379 U.S. at 58, 85 S.Ct. at 255, 13 L.Ed.2d at 120; United States v. LaSalle, supra, 437 U.S. at 314, 98 S.Ct. at 2368, 57 L.Ed.2d at 234.
 
 
 9
 A taxpayer's right to an adversary hearing on the good faith issue is not absolute. In United States v. Roundtree, supra, we held that when a § 7602 summons issues "the taxpayer is entitled to investigate the IRS's purpose where such purpose has been put in issue and may affect the legality of the summons." Id. at 852 (emphasis added). This court expanded upon the acceptable method for placing in issue the purpose behind the summons in United States v. Newman, 441 F.2d 165 (5th Cir. 1971). Newman held that before a taxpayer is entitled to the adversary summons enforcement hearing, he "must raise in a substantial way the existence of substantial deficiencies in the summons proceedings." Id. at 169 (footnote omitted). Newman did not decide whether the mere allegation that the summons was issued solely for criminal prosecution is sufficient to justify a district court allowing the deposition of the IRS agent (and the attendant adversary hearing). That issue was directly addressed by the court in United States v. Wright Motor Co., Inc., 536 F.2d 1090 (5th Cir. 1976), rehearing denied, 542 F.2d 576. There we approved a district court order requiring the agent to answer questions at a deposition even though the taxpayer had simply alleged, without alleging a factual background or providing a supporting affidavit, that the summons was issued solely to gather evidence for a criminal prosecution. Wright reviewed the Roundtree decision:
 
 
 10
 We understand Roundtree, supra, to have established the principle that when a taxpayer alleges in a responsive pleading that the material sought by the IRS is to be used solely for a criminal prosecution, or that the IRS is engaged upon a course of personal harassment, the taxpayer is entitled to investigate the IRS' purposes through deposition of the special agent.
 
 
 11
 Wright, supra, 536 F.2d at 1094.
 
 
 12
 In the instant case the taxpayer's responsive pleading merely admitted all the allegations in the government's petition and stated that the taxpayer had previously protested the summons and that the taxpayer denied the records were subject to the summons. Record vol. 1 at 39-40. Only in the notice of protest did the taxpayer allege that the sole purpose of the summons was in aid of criminal prosecution. The protest was not before the district judge until sometime after the court, at taxpayer's explicit request for a ruling granted the government's motion for a protective order denying discovery. Under these circumstances the district judge would have properly exercised his discretion under Roundtree, Newman, and Wright by denying the adversary hearing and deciding the summons enforcement issue on the pleadings. However, the judge also was within his discretion when he decided to proceed to the evidentiary hearing. Although the taxpayer's responsive pleading did not explicitly allege the sole criminal purpose defense, the parties evidently treated it as the primary issue in the case. The government's memorandum of law recognized it as the primary issue. Accordingly, we assume the district court found that the defense was adequately raised.
 
 
 13
 We hasten to add that the preferred method of raising the defense is to specifically allege the defense and to specifically allege supporting facts either in the pleadings or a supporting affidavit. Indeed, at least one circuit has held that the taxpayer is not entitled to an adversary hearing unless he opposes the government's allegations by affidavit and that legal conclusions or memorandum of law are insufficient. United States v. Garden State National Bank, 607 F.2d 61, 71 (3d Cir. 1979); see Thornton v. United States, 493 F.2d 164, 167 (3d Cir. 1974).[6]
 
 PREHEARING DISCOVERY
 
 14
 We have previously upheld a district court's decision to deny broad discovery of IRS documents. United States v. Roundtree, supra, 420 F.2d at 851-52. Therefore, the following discussion addresses only the issue of whether the district judge abused his discretion by denying the taxpayer the right to depose the IRS agents.
 
 
 15
 The Federal Rules of Civil Procedure, including the discovery provisions, are applicable in IRS summons enforcement proceedings "except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings." Fed.R.Civ.P. 81(a)(3). The Advisory Committee Note of 1946 explained that while the rules are generally applicable, the above quoted portion "allows full recognition of the fact that the rigid application of the rules in the proceedings themselves may conflict with the summary determination desired . . . . (I)t is drawn so as to permit application of any of the rules in the proceedings whenever the district court deems them helpful." Fed.R.Civ.P. 81(a)(3) (Advisory Committee Note of 1946). See generally, 7 J. Moore, Federal Practice, P 81.06(1) (2d Ed. 1979).
 
 
 16
 Clearly a district court may limit application of the rules in a summons enforcement proceeding if the rights of the taxpayer are protected and the adversary hearing is made available upon request. Donaldson v. United States, supra, 400 U.S. at 528-29, 91 S.Ct. at 541, 27 L.Ed.2d at 588; United States v. Wright Motor, supra, 536 F.2d at 1095 (Broad discovery would place the IRS at a severe handicap because it would cause excessive delay and jeopardize the integrity and effectiveness of the investigation.); United States v. Newman, supra, 441 F.2d at 170. The question that must be addressed is whether LaSalle requires reevaluation of statements in our prior decisions which suggest that (assuming the sole criminal purpose defense is properly raised) the district judge abuses his discretion by prohibiting deposition of the IRS agent and, instead, allowing examination of the agent at the adversary hearing. See United States v. Garrett, 571 F.2d 1323 (5th Cir. 1978); United States v. Wright Motor, supra; United States v. Roundtree, supra.
 
 
 17
 In Roundtree the taxpayer alleged that the summons was unenforceable because its sole purpose was to gather evidence for a criminal prosecution and that the district court had abused its discretion by denying discovery. We approved the denial of requests for interrogatories, admissions and production of documents, but found error in the granting of the motion to quash the attempted deposition of the IRS agent. The decision concluded that "the taxpayer is entitled to investigate the IRS's purpose where such purpose has been put in issue and may affect the legality of the summons" and that "the district court has authority to curtail a deposition if it is conducted unreasonably." Id. at 852. It is important to recognize that the Roundtree opinion did not hold that the only appropriate way to satisfy a taxpayer's need for discovery is through prehearing deposition of the IRS agent.
 
 
 18
 Roundtree was followed by United States v. Wright Motor, supra, where the issue was whether the district judge abused his discretion by ordering the IRS agent to submit to limited prehearing deposition on the sole criminal purpose issue. After briefly discussing the prior case law the opinion concluded that there was no abuse of discretion. However, Wright Motor interpreted Roundtree to have established that when the sole criminal purpose defense is properly raised "the taxpayer is entitled to investigate the IRS' purposes through deposition of the special agent." Wright Motor, supra, 536 F.2d at 1094 (emphasis added). If the quote is interpreted to mean that a refusal to allow prehearing depositions is always an abuse of discretion, then the quote is dictum because it was not necessary to decision of the case. The Wright Motor court needed only to decide whether the judge may allow a prehearing deposition of the agent, not whether the deposition is always required. It is doubtful that the Wright court intended to require a prehearing deposition of the agent in all such cases. Immediately after the above quote the opinion continues: "We do not believe that either Donaldson or Newman reversed our holding in Roundtree that discovery procedures may be invoked for the limited purpose of determining whether the IRS has employed its summons powers for an improper purpose." Id. at 1094 (emphasis added). Furthermore, the opinion's discussion of the procedure of the First Circuit as described in United States v. Salter, 432 F.2d 697 (1st Cir. 1970) casts doubt that any blanket requirement of prehearing discovery was intended. The Salter court recognized that the general solution to the taxpayer's need for discovery is for
 
 
 19
 the district court to proceed directly to a hearing at which, if desired, the summonee could examine the agent who issued the summons, concerning his purpose. The court could then, by observation and, where necessary, its own questioning of the agent, make its own determination of whether exploration, as by discovery, seemed to be in order.
 
 
 20
 Wright Motor, supra, 536 F.2d at 1095, quoting United States v. Salter, supra, 432 F.2d at 700. Wright Motor explicitly held that the Salter procedure of allowing the taxpayer to take the testimony of the agent at the adversary hearing does not differ significantly from permitting the taxpayer to depose the agent. Id. The Salter court, in reviewing Roundtree also concluded that the two procedures do not differ significantly. United States v. Salter, supra, 432 F.2d at 701 n.7.
 
 
 21
 The issue was addressed by this court most recently in United States v. Garrett, supra, 571 F.2d at 1323. In that case, the district court, upon a bare request from the government, barred all discovery and proceeded directly to a hearing where the taxpayer was allowed to examine the IRS agents. On appeal we held that "(w)hen the district court, upon a bare request from the government and without further inquiry, issued a protective order barring all discovery without citing any reason, it departed from Roundtree and Wright Motor." Garrett, supra, 571 F.2d at 1326. The "technical" error of forbidding discovery by deposition was held not to be reversible error because the testimony at the hearing revealed that the taxpayer's case was not substantially prejudiced. Id. at 1330. However, and perhaps somewhat incongruously, the court reiterated Wright Motor's holding that the Salter procedure is "a general solution to the taxpayer's need for discovery in summons enforcement cases . . ." and that permitting the agent's deposition is not significantly different from allowing examination of the agent at the hearing. Garrett, supra, 571 F.2d at 1327.
 
 
 22
 Garrett suggests that a district judge always "technically" abuses his discretion if he denies deposition of the agent and instead allows examination of the agent at the hearing. The suggestion is open to question on several grounds. First, as the preceding discussion explains, neither Roundtree nor Wright Motor require such a broad curtailment of the district court's recognized discretion in this area. Second, if, as the Garrett opinion states, the procedure of allowing the deposition of the agent "does not differ significantly" from allowing the taxpayer to examine the agent in open court, Garrett, supra, 571 F.2d at 1327, quoting Wright Motor, supra, 536 F.2d at 1095, then one might inquire why a district judge abuses his discretion by opting for the latter. Finally, since the denial of discovery did not substantially prejudice the taxpayer's case in Garrett, there was no need to reach the issue of whether denial of the deposition was an abuse of discretion. That portion of the opinion we believe was dictum.
 
 
 23
 Leaving these criticisms to one side, we think the Supreme Court's decision in LaSalle requires reevaluation of the limits of a trial court's discretion in curtailing discovery in a summons enforcement proceeding. In LaSalle the district court quashed the § 7602 summonses on the ground that the sole purpose of the investigating agent was to gather evidence for a criminal prosecution. The United States Court of Appeals for the Seventh Circuit affirmed. 554 F.2d 302 (7th Cir. 1977). The Supreme Court reviewed the case law and the statutory history behind § 7602 with an especially thorough review of the sole criminal purpose defense. The primary limitation on the use of a § 7602 summons is that the summons may not issue after the IRS recommends criminal prosecution to the Department of Justice. LaSalle, supra, 437 U.S. at 311, 98 S.Ct. at 2365, 57 L.Ed.2d at 232; United States v. Donaldson, supra, 400 U.S. at 536, 91 S.Ct. at 545, 27 L.Ed.2d at 592. This, explained LaSalle, is because prior to that time the civil and criminal elements of the investigation are "inherently intertwined" and because it is quite proper for the summons to issue when the IRS has both civil and criminal investigation purposes. Id. 437 U.S. at 309, 98 S.Ct. at 2363. The heart of LaSalle is the Court's determination that the sole criminal purpose defense is not proven by showing that the investigating agent's single purpose in issuing the summons was to gather evidence for a criminal prosecution. The taxpayer must establish that the IRS "in an institutional sense had abandoned" pursuit of civil tax liability. Id. at 319, 98 S.Ct. at 2368. The agent's personal motivation is not dispositive because the agent's disposition of the case may be overturned by the IRS and before referral to the Department of Justice by either of at least two layers of review within the IRS. Id. at 314-16, 98 S.Ct. at 2366. A logical conclusion to be drawn from LaSalle, is that before the investigating agent completes his investigation the summons is "virtually unassailable" as far as the sole criminal purpose defense is concerned. United States v. Genser, 595 F.2d 146, 151 (3d Cir. 1979), cert. denied, 444 U.S. 928, 100 S.Ct. 269, 62 L.Ed.2d 185. However LaSalle issued a small caveat to that basic conclusion:
 
 
 24
 Because criminal and civil fraud liabilities are coterminous, the Service rarely will be found to have acted in bad faith by pursuing the former. On the other hand, we cannot abandon this aspect of the good-faith inquiry altogether. We shall not countenance delay in submitting a recommendation to the Justice Department when there is an institutional commitment to make the referral and the Service merely would like to gather additional evidence for the prosecution. Such a delay would be tantamount to the use of the summons authority after the recommendation and would permit the Government to expand its criminal discovery rights. Similarly, the good-faith standard will not permit the IRS to become an information gathering agency for other departments, including the Department of Justice, regardless of the status of criminal cases.
 
 
 25
 Id. 437 U.S. at 316-17, 98 S.Ct. at 2367-68. (Footnotes omitted). We read the Court's caveat to include situations where the substantial equivalent to a recommendation for criminal prosecution to the Department of Justice exists even though there may not be a formal recommendation. The heavy burden that the taxpayer had in establishing the sole criminal purpose before LaSalle is now even heavier. A taxpayer will rarely be able to prove a sole criminal purpose in cases like the instant case where the investigation has barely begun, but, of course, he is not prohibited from trying.
 
 
 26
 The taxpayer in the instant case and the dissent in LaSalle both argue that the LaSalle majority opinion requires expanded discovery in pursuit of the admittedly nebulous "institutional purpose" of the IRS. See Id. 437 U.S. at 320, 98 S.Ct. at 2369. We disagree. In ruling that the intent of the individual agent is not dispositive, the LaSalle majority evinced a clear intent to expedite the summons enforcement process by eliminating needless investigation of the personal motivation of the agent:
 
 
 27
 As in Donaldson, then, where we refused to draw the line between permissible civil and impermissible criminal purposes at the entrance of the special agent into the investigation, 400 U.S., at 536, 91 S.Ct., at 545, we cannot draw it on the basis of the agent's personal intent. To do so would unnecessarily frustrate the enforcement of the tax laws by restricting the use of the summons according to the motivation of a single agent without regard to the enforcement policy of the Service as an institution. Furthermore, the inquiry into the criminal enforcement objectives of the agent would delay summons enforcement proceedings while parties clash over, and judges grapple with, the thought processes of each investigator. See United States v. Morgan Guaranty Trust Co., supra (572 F.2d 36 (2nd Cir.)). This obviously is undesirable and unrewarding.
 
 
 28
 Id. at 316, 98 S.Ct. at 2367 (emphasis added, footnote omitted). After considering LaSalle, we reject any reading of Garrett, Wright Motor, or Roundtree which would require the district court always to permit the prehearing deposition of the IRS agent. We sanction the procedure stated by the First Circuit in Salter. See also, United States v. McCarthy, 514 F.2d 368, 373 n.6 (3d Cir. 1975); United States v. Church of Scientology of Calif., 520 F.2d 818, 824-25 (9th Cir. 1975). One commentator has stated persuasively that: "(s)ince the agent can be questioned on this subject (the improper purpose defense) the use of depositions and interrogatories prior to hearing is often quite unnecessary and serves the sole purpose of delaying the IRS examination." 7 J. Moore, Federal Practice, P 81.06(1) (2d ed. 1979). Although the discovery rules generally apply in summons enforcement proceedings, the district judge has discretion to limit application of the rules. He does not abuse that discretion by allowing prehearing deposition of the IRS agent, Wright Motor, supra. He also does not abuse his discretion by opting for the substantial equivalent to deposition of the agent-examination of the agent in open court. If the taxpayer is unable to produce evidence at either that suggests a sole institutional purpose of gathering evidence for a criminal prosecution, then the district court acts within its discretion when it issues an order enforcing the summons without further discovery. The burden of proving bad faith issuance of a § 7602 summons lies with the taxpayer. LaSalle, supra, 437 U.S. at 316, 98 S.Ct. at 2367, 57 L.Ed.2d at 235.
 
 THE ADVERSARY HEARING
 
 29
 The taxpayer also argues that the trial court denied him his right to an adversary hearing by sustaining the government's objections to seventeen questions. In Wright Motor we held that the district court did not abuse its discretion by requiring the IRS agent, on deposition, to answer the following questions:
 
 
 30
 "Q. O.K., can you tell us what specific areas of the taxpayer's return are under investigation by you or the Intelligence Division in connection with this case?"
 
 
 31
 "Q. Can you tell us how the specific documents-well, can you tell us what issues are involved in your investigation of the taxpayer, what matters or particular circumstances are under consideration by the Intelligence Division?"
 
 
 32
 "Q. Can you tell us how the documents which you sought in your summons would relate to the particular issues under investigation by you?"
 
 
 33
 "Q. All right, have any statements been made to you by any person which would indicate to you criminal violations by Mr. Wright in connection with the filing of his tax returns?"
 
 
 34
 "Q. Are there allegations in this case involving omissions of income or erroneous deductions?"
 
 
 35
 Id. at 1092. Some of the taxpayer's questions are similar to the questions sanctioned in Wright Motor but we do not find that the district judge abused his discretion. If a court acts within its discretion in allowing certain questions in one fact situation, it does not necessarily follow that refusal to allow the questions is an abuse of discretion in another fact situation. The exercise of judicial discretion is not governed by any strict rule of law; it is governed by the personal judgment of the court. Wright, supra, 536 F.2d at 1093.
 
 
 36
 Furthermore, the questions in Wright are primarily concerned with the motivation of the individual agent. As the previous discussion illustrates, LaSalle recognizes that an in depth inquiry into the motives and purposes of the individual agent, while not wholly irrelevant, is generally "undesirable and unrewarding." Id. 437 U.S. at 316, 98 S.Ct. at 2367. The district court has discretion to limit inquiry into an individual agent's personal motivation.[7]
 
 
 37
 In summary, we emphasize that the method and scope of discovery in summons enforcement proceedings largely are committed to the discretion of the district courts. Here the district judge acted within his discretion by denying prehearing discovery and by limiting the scope of examination of the individual agents. Our holding today recognizes and echoes LaSalle's warning that extensive investigation of the personal motivation of individual IRS agents is generally a fruitless, time wasting gesture because the personal motivation of an individual agent in issuing a summons, while not wholly irrelevant, is not dispositive. The district court's order was correct.
 
 
 38
 AFFIRMED.
 
 
 
 [1]
 I.R.C. § 7602 provides:
 For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized-
 (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
 (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
 (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.
 
 
 [2]
 I.R.C. § 7402(b) provides:
 If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.
 I.R.C. § 7604(a) provides:
 If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.
 
 
 [3]
 The Supreme Court has ruled that a § 7602 summons may not be issued after the IRS has recommended criminal prosecution to the Department of Justice. Donaldson v. United States, 400 U.S. 517, 536, 91 S.Ct. 534, 545, 27 L.Ed.2d 580, 592 (1971). The purposes of the rule are to avoid broadening the discovery powers of the Department of Justice, to avoid infringing on the grand jury as the principal method of investigating criminal accusations, and to encourage maximum cooperation between the IRS and the Department of Justice. United States v. LaSalle, 437 U.S. at 311-13, 98 S.Ct. at 2365, 57 L.Ed.2d at 232-33
 
 
 [4]
 Powell ruled that the IRS is not required to establish probable cause in order to obtain enforcement of a § 7602 summons. Id. 379 U.S. at 57, 85 S.Ct. at 255. However the IRS "must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed . . . ." Id. at 57-58, 85 S.Ct. at 255. By establishing these four elements the IRS meets its initial burden of showing good faith issuance of the summons. See United States v. LaSalle, supra, 437 U.S. at 313-14, 98 S.Ct. at 2366, 57 L.Ed.2d at 234
 
 
 [5]
 See United States v. Euge, 444 U.S. 707, 100 S.Ct. 874, 63 L.Ed.2d 141, 152 (1980); Donaldson v. United States, supra, 400 U.S. at 525, 91 S.Ct. at 539, 27 L.Ed.2d at 586
 
 
 [6]
 We decide, infra, that a taxpayer is not always entitled to discovery before the summons enforcement hearing. Therefore it is appropriate to allow the adversary hearing even though the taxpayer has only alleged, without providing a supporting factual background, that the summons was issued for an improper purpose. Otherwise the taxpayer might be placed in the unfair dilemma of having to provide supporting facts, but having no way to obtain those facts
 
 
 [7]
 The Third Circuit has outlined the basic discovery available to a taxpayer under a § 7602 summons:
 Our reading of LaSalle suggests several guidelines for discovery. At a minimum, the taxpayer should be entitled to discover the identities of the investigating agents, the date the investigation began, the dates the agent or agents filed reports recommending prosecution, the date the district chief of the Intelligence Division or Criminal Investigation Division reviewed the recommendation, the date the Office of Regional Counsel referred the matter for prosecution, and the dates of all summonses issued under 26 U.S.C. § 7602. Furthermore, the taxpayer should be entitled to discover the nature of any contacts, relating to and during the investigation, between the investigating agents and officials of the Department of Justice.
 United States v. Genser, supra, 595 F.2d at 152. A district court within the Third Circuit must permit further investigation if the evidence reveals:
 (1) that the IRS issued summonses after the investigating agents recommended prosecution, (2) that inordinate and unexplained delays in the investigation transpired, or (3) that the investigating agents were in contact with the Department of Justice, . . . .
 Id. See also United States v. Garden State National Bank, supra, 607 F.2d at 71.