652 F.2d 475
 81-2 USTC P 9605
 UNITED STATES of America, et al., Plaintiffs-Appellees,
v.
Glenn H. JOHNSON, Defendant,
William T. Gholson, Intervenor-Appellant.
UNITED STATES of America, et al., Plaintiffs-Appellees,
v.
SUNILAND FURNITURE CO., et al., Defendants,
William T. Gholson, Intervenor-Appellant.
UNITED STATES of America, et al., Plaintiffs-Appellees,
v.
BANK OF the SOUTHWEST NATIONAL ASSOCIATION, et al., Defendants,
William T. Gholson, Intervenor-Appellant.
 Nos. 80-1822 to 80-1824
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Unit A
 Aug. 3, 1981.
 Woody & Rosen, Clyde W. Woody, Andrew G. Shebay, Houston, Tex., for Gholson in all cases.
 Robert Darden, Asst. U.S. Atty., Houston, Tex., M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for plaintiffs-appellees in all cases.
 Appeals from the United States District Court for the Southern District of Texas.
 Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal involves the enforcement of a number of I.R.S. summonses issued to the above named defendants pursuant to 26 U.S.C. § 7602. The summonses were issued to ascertain the correctness of intervenor-appellant William T. Gholson's tax returns for 1975, 1976 and 1977. After an evidentiary hearing, the district court found that the summonses had been validly issued and entered an order enforcing them.
 
 
 2
 The appellant Gholson challenges the decision in three respects. First, the appellant contends that the unavailability of the I.R.S. agent who issued the summonses was improper. Second, the appellant contends that he was not granted sufficient discovery to enable him to prove that the I.R.S. had made a decision to refer the investigation to the Department of Justice. Third, the appellant contends that he was not allowed sufficient latitude during the hearing to determine whether the I.R.S. was acting in good faith in issuing the summonses. The government also raises a challenge of its own, contending that these appeals are moot and should be dismissed.
 
 
 3
 Although the appellant requests this court to establish some sort of discovery guidelines for district courts to follow in enforcement hearings, prior case law controls our decision today. We have held that the method and scope of discovery allowed in summons enforcement proceedings are committed in large part to the discretion of the district court. United States v. Harris, 628 F.2d 875, 884 (5th Cir. 1980).
 
 
 4
 26 U.S.C. § 7602 grants the government wide ranging investigatory authority to examine any relevant materials and to summon persons to appear to testify concerning any relevant matter regarding the collection of taxes. The issuance of a § 7602 summons does not require probable cause, United States v. Harris, 628 F.2d at 879, but it does require the existence of good faith. United States v. Wyatt, 637 F.2d 293, 301 (5th Cir. 1981); United States v. First National Bank in Dallas, 635 F.2d 391, 396 (5th Cir. 1981). Good faith requires that the summons be issued for a purpose authorized by statute and prior to the I.R.S.'s recommendation to the Department of Justice for criminal prosecution. United States v. First National Bank of Atlanta, 628 F.2d 871, 874 (5th Cir. 1980). It has been held that a summons is not issued in good faith if the single purpose of the I.R.S. is to gather evidence for a criminal prosecution. Id.
 
 
 5
 The appellant's first objection is that the nonattendance of the agent who issued the summonses prevented Gholson from discovering if there was such an improper purpose. We reject this argument for two reasons. First, although the issuing agent was unavailable at the time of the hearing, his superior and his replacement on the case were both present at the hearing. Second, even a finding of improper motive by the agent in issuing the summonses would not be dispositive of the merits of the case. United States v. Davis, 636 F.2d 1028, 1036 (5th Cir. 1981); United States v. Harris, 628 F.2d at 882. Prior to any recommendation of criminal prosecution, an issuing agent's individual motivation is insulated by layers of review within the I.R.S. itself. United States v. LaSalle National Bank, 437 U.S. 298, 315, 98 S.Ct. 2357, 2366, 57 L.Ed.2d 221, 235 (1978). We, thus, find no error in the appellant's first challenge.
 
 
 6
 The appellant also contends in his second and third objections that he was not allowed sufficient discovery and inquiry both at the pre-hearing and hearing levels. As already mentioned, in order to show that the summonses were issued solely for a criminal purpose, it must be shown that the I.R.S. as an institution, and not merely an agent, had such an intention. United States v. LaSalle National Bank, 437 U.S. at 316, 98 S.Ct. at 2367, 57 L.Ed.2d at 235; United States v. First National Bank of Atlanta, 628 F.2d at 874; United States v. Harris, 628 F.2d at 882. This finding is one of fact to be determined by the district court and will be upheld if supported by substantial evidence and if it is not clearly erroneous. United States v. Davis, 636 F.2d at 1036; United States v. First National Bank of Atlanta, 628 F.2d at 874. This requirement to prove a sole criminal purpose on the part of the I.R.S. places an extremely heavy burden upon the taxpayer. United States v. Harris, 628 F.2d at 883. The courts have held that there is nothing improper if the I.R.S. conducts a civil and criminal investigation simultaneously. Donaldson v. United States, 400 U.S. 517, 535, 91 S.Ct. 534, 544, 27 L.Ed.2d 580, 592 (1971); United States v. First National Bank of Atlanta, 628 F.2d at 874. As long as the I.R.S. maintains an ongoing civil investigation and has not yet recommended criminal prosecution to the Department of Justice, the issuance of the summonses is not improper.
 
 
 7
 Again, these are issues which are left to the discretion of the district judge. In the present case, the district court conducted a sufficient hearing and found that the summonses had been issued in good faith and enforced them accordingly. Finding ample support in the record for this finding and discerning no error in its actions, we affirm the decision of the district court.
 
 
 8
 The government's suggestion of mootness is premature. A case involving an I.R.S. summons is rendered moot when all requested documents have been produced and all requested witnesses have testified. United States v. First State Bank of Clute, 626 F.2d 1227, 1227 (5th Cir. 1980); United States v. Hankins, 565 F.2d 1344, 1350 (5th Cir. 1978). In the present case, the I.R.S. has not sufficiently shown this court that it has received all the documents requested, and we are, therefore, unable to declare this appeal moot.
 
 
 9
 AFFIRMED.