**UNITED STATES of America and Frank W. Bown, Special Agent, Internal Revenue Service, Plaintiffs-Appellees,**

v.

**Edward PRICE, Executive Vice President, First National Bank of Cape Canaveral, et al., Defendants,**

**Jack C. Moline, Intervenor-Appellant.**

No. 80–5228.

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 4, 1981.

As Amended on Denial of Rehearing
Dec. 11, 1981.

John G. DeLancett, Orlando, Fla., for intervenor-appellant.

Kendell W. Wherry, Asst. U. S. Atty., Orlando, Fla., M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Atty., Charles E. Brookhart, Atty., Donald B. Susswein, Atty., Tax Div., Dept. of Justice, Washington, D. C., for plaintiffs-appellees.

Adam G. Adams, II, Jacksonville, Fla., for Duval Fed. Savings & Loan.

Before TJOFLAT, HATCHETT and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

The Internal Revenue Service (IRS) issued six third-party summonses in the course of an investigation into Jack C. Moline's tax activities. The summoned parties indicated to Frank W. Bown, the IRS special agent conducting the investigation, that they would neither furnish records nor testify because Moline, pursuant to section 7609(b)(2) of the Internal Revenue Code of 1954 (as amended), had stayed compliance with the summonses. 26 U.S.C. § 7609(b)(2) (1976). Bown therefore commenced enforcement proceedings in the district court for each summons. Moline, pursuant to I.R.C. 7609(b)(1), intervened and the enforcement proceedings were thereafter consolidated.

Moline offered two arguments for the proposition that the summonses were issued in bad faith and were thus unenforceable. First, he asserted that the summonses were issued in bad faith because the IRS investigation was exclusively criminal. Second, he

alleged that the summonses were invalid because they were issued to harass the taxpayer.

Moline, prior to hearings in the district court, moved to depose the IRS special agent who had issued the summonses. The government, in turn, moved for a protective order, which was granted. The district court, following an initial hearing where Special Agent Bown was examined, did permit Moline to submit interrogatories to the IRS. The IRS moved for a protective order, which the district court granted only in part; the IRS thereafter answered several of Moline's questions. The court denied, however, a subsequent. motion, based on answers to the interrogatories, to depose the special agent. After a second hearing, the district court, based on Bown's testimony, found that the summonses were issued in good faith for a valid civil purpose and ordered the summoned parties to comply. Moline made various postorder motions, including a motion for a new trial, all of which were denied. Moline appealed the district court's order, which the court then stayed pending resolution of the appeal.

Moline raises six arguments that he believes call for reversal of the district court's order enforcing the summonses. After considering carefully each of Moline's points, we have concluded that the district court's order must be affirmed. We discuss each of these arguments below.

■ Moline's first argument is that the IRS offered no proof at the hearing that three of the six third-party record-keepers failed to comply with the summonses. Moline's argument is that all Bown did was testify that the summoned parties informed him that they would observe Moline's stay of the summonses. Thus, Moline contends there was no proof that the parties had not complied. Moline does not deny that he stayed compliance with the summonses, that the stay notice was transmitted to the IRS, and that the summoned parties did not comply with the summonses.

We think Moline's argument here is meritless and borders on the frivolous. First, Bown testified that he received copies of Moline's letter directing the summoned parties not to respond. *See* 26 U.S.C. § 7609(b) (1976). Bown also testified that he was told by the summoned parties that they would not appear. This is certainly sufficient proof that the parties did not comply with the summonses.

■ Moline next argues that Bown's failure to appear at the time and place named in the summonses constitutes waiver of the IRS's right to an appearance. Moline cites us to *United States v. Malnik*, 489 F.2d 682 (5th Cir.), *cert. denied*, 419 U.S. 826, 95 S.Ct. 44, 42 L.Ed.2d 50 (1974), in support of this position. *Malnik* held that when the IRS agrees that a summoned party need not appear to raise constitutional objections to a summons, it has waived compliance *with* the summons. There are two differences between *Malnik* and this case. First, in *Malnik*, it was the IRS *agreement* with the summoned party that waived compliance. There is no such agreement here. Second, and more important, section 7609(b)(2) of the Internal Revenue Code gives Moline a statutory right to *stay* compliance with the summonses, a right which he invoked. Thus, the summoned parties were exercising Moline's right not to respond to the summonses, and Bown's noncompliance was irrelevant to whether the parties would appear. Certainly Bown's failure to make a meaningless appearance does not invalidate the summons. We also disagree with Moline's similar contention that Bown's nonappearance somehow constitutes failure to follow the proper steps in the Code for issuing a summons. *See generally United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964).

■ Moline's third argument is that the IRS had abandoned all civil collection actions at the time of the summonses' issuance and that the summonses were therefore issued as part of a purely criminal investigation. If this were so, the summonses would have been issued for an improper purpose and thus in bad faith. *See United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221

(1978). The burden of demonstrating that the investigation was for an improper purpose is on the taxpayer, and may, for all practical purposes, be insurmountable. *See United States v. Garden State National Bank*, 607 F.2d 61 (3d Cir. 1979). Basically, Moline argues that the investigation was criminal because it was conducted by the Criminal Investigation Division without active investigatory participation by its civil analogue. We have, however, recently rejected this very argument, noting that before referral of the matter for criminal prosecution, a summons is "virtually unassailable." *United States v. Davis*, 636 F.2d 1028, 1036 (5th Cir. 1981), (citing *United States v. Harris*, 628 F.2d 875, 882 (5th Cir. 1980)). Since Moline has failed to carry his burden of showing that the IRS has made an "institutional commitment" to prosecute, *LaSalle National Bank*, 437 U.S. at 317, 98 S.Ct. at 2367–68, the district court properly enforced the summonses.

 Moline's related argument that the IRS improperly delayed referral of his case to the Justice Department, is also without merit. As we have just stated, Moline did not meet his heavy burden of showing an institutional commitment to prosecute, that is, the "substantial equivalent [of] a recommendation for criminal prosecution to the Department of Justice," *United States v. Harris*, 628 F.2d 875, 883 (5th Cir. 1980); thus we cannot find any improper delay by the IRS.

Moline's fifth argument is that the district court erred in not permitting him to depose Bown prior to the hearing, and in not ordering the IRS to respond to several of the interrogatories he submitted. We have previously recognized, however, that a taxpayer's discovery rights in a summons enforcement proceeding are very limited; *see, e. g., United States v. Harris*, 628 F.2d at 880–881; *United States v. Wright Motor Co., Inc.*, 536 F.2d 1090, 1095 (5th Cir. 1976), and we do not think the district court abused its discretion here in limiting discovery.

Finally, the taxpayer argues that the court erred in not granting a new trial. Moline concedes, however, that the reasons he advanced in favor of his motion for a new trial were "virtually identical" to his arguments calling for reversal, *see* Brief of Intervenor-Appellant at 46, which we have already discussed. Having found that these arguments are without merit, we affirm the district court's denial of Moline's motion for a new trial.

The order of the district court is AFFIRMED.