**Jimmie L. STITES and Doris I. Stites, Plaintiffs-Appellants,**

v.

**INTERNAL REVENUE SERVICE, Defendant-Appellee.**

No. 86–2197
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 26, 1986.

---

Jimmie Stites, pro se.

Manuel Porro-Vizcarra, James R. Gough, Asst. U.S. Attys., Houston, Tex., Roger M. Olsen, Asst. Atty. Gen., Tax Division, Dept. of Justice, Michael L. Paup, Chief, Appellate Sec., Charles E. Brookhardt, Francis M. Allegra, Washington, D.C., for defendant-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

This case presents another in what at times appears to be an unending stream of frivolous tax-protestation cases. Jimmie L. and Doris I. Stites ("taxpayers") petitioned the district court for an order quashing summonses issued by the Internal Revenue Service (IRS). The trial court dismissed the complaint and imposed sanctions under Fed.R.Civ.P. 11, awarding costs and attorney's fees. Taxpayers do not challenge the dismissal of their complaint but appeal only the Rule 11 sanctions. We affirm.

## Background

In connection with its investigation of the tax liability of taxpayers, the IRS caused summonses to issue to three Bay City, Texas banks, seeking records and testimony about the financial affairs of the taxpayers. 26 U.S.C. § 7609. Acting *pro se*, taxpayers moved to quash the summonses alleging that: (1) 26 U.S.C. § 7602(a)(1) does not require the taxpayers or their agents to produce materials sought by the IRS; (2) the taxpayers are not persons "liable" for tax under 26 U.S.C. § 7602(a)(2); (3) 26 U.S.C. § 7602(a)(3) is not applicable to the taxpayers; (4) 26 U.S.C. § 7602(b) is unconstitutionally vague and overbroad; (5) 26 U.S.C. § 7602(b) unconstitutionally infringes on the fourth and fifth amendment rights of the taxpayers; and (6) the government's motive for investigating the taxpayers was improper.

The district court granted the government's motion for summary judgment and, finding the action frivolous, granted its motion for sanctions under Fed.R.Civ.P. 11. The taxpayers were ordered to pay costs and attorney's fees in the amount of $1,950. The taxpayers' motion to amend the judgment to delete the Rule 11 sanctions, Fed.R.Civ.P. 59(e), was denied, and this appeal was lodged.

*Analysis*

■ The taxpayers argue that there is no evidence to support a finding that they brought this action in bad faith, and that absent subjective bad faith, Rule 11 sanctions are not in order. This argument ignores the 1983 amendments to Fed.R.Civ.P. 11 which "added a requirement that the pleader's belief be one 'formed after reasonable inquiry' that the pleading is both well grounded in fact and warranted by existent law or reasonably foreseeable legal developments." *Hale v. Harney,* 786 F.2d 688, 692 (5th Cir.1986). Thus, in addition to a subjective, good faith belief that the pleading is well founded in both fact and law, Fed.R.Civ.P. 11 now requires that the belief be objectively reasonable. *Hale; Davis v. Veslan Enterprises,* 765 F.2d 494 (5th Cir.1985); *see also Elliott v. Perez,* 751 F.2d 1472 (5th Cir.1985).

To determine the propriety of the Rule 11 sanctions, we examine whether the allegations of the complaint were reasonable under the material facts and controlling law. We find two claims advanced purportedly justifying the quashing of the summonses. Taxpayers first contended that because they had not yet been shown to be liable for income taxes for the years involved, the IRS had no authority to require third persons to produce evidence relevant to that inquiry. This circular reasoning is contrary to the express language of 26 U.S.C. § 7602(a) and has been consistently rejected by the courts.[1] *See, e.g.,* *Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *United States v. Johnson,* 652 F.2d 475 (5th Cir. 1981); *United States v. First Nat'l Bank in Dallas,* 635 F.2d 391 (5th Cir.), *stay denied,* 451 U.S. 966, 101 S.Ct. 2043, 68 L.Ed.2d 346 *cert. denied sub nom. Yeoham v. United States,* 452 U.S. 916, 101 S.Ct. 3051, 69 L.Ed.2d 420 (1981); *see generally United States v. Barrett,* 787 F.2d 958, 960–61 (5th Cir.1986) (discussing Supreme Court's precedents).

■ Taxpayers' second claim is that 26 U.S.C. § 7602(b) is unconstitutional because it is overbroad and vague and, further, contrary to the fourth and fifth amendments. A cursory reading of the statute reflects that it manifestly is not vague. And since no first amendment issue was presented, the assertion of overbreadth, a prophylactic concept applicable only to first amendment claims, is without basis. It is also well settled that § 7602(b) does not violate the fifth amendment privilege against self-incrimination. *Couch v. United States,* 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1972); *United States v. Jones,* 630 F.2d 1073 (5th Cir.1980); *see also United States v. Morgan,* 761 F.2d 1009 (4th Cir.1985).

■ The taxpayers' fourth amendment claim depends on the validity of the summonses and not on the validity *vel non* of § 7602(b). A summons will pass fourth amendment muster if: (1) issued for a

---

**1.** 26 U.S.C. § 7602(a) & (b) provide:

(a) Authority to summon, etc. For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

proper purpose; (2) the inquiry is relevant to that purpose; (3) the IRS does not already possess the information; and (4) the required administrative steps are followed. *United States v. Powell*, 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). Although the taxpayers alleged an improper purpose, they made no tender whatever in response to the government's summary judgment affidavit negating this contention. Taxpayers content themselves with the naked allegation only. The record reflects that all *Powell* elements are established. We find no reasonable grounds for the claimed fourth amendment violation. *See, e.g., United States v. Greenleaf*, 546 F.2d 123 (5th Cir.1977).

■ The petition to quash the summonses was filed in the face of long-standing, unequivocal, dispositive precedent rejecting taxpayers' claims. Whether or not the action was filed in good faith, it was patently frivolous, and the imposition of sanctions under Fed.R.Civ.P. 11 was not an abuse of discretion.

The government has not requested Fed. R.App.P. 38 [2] sanctions on appeal. Considering that appellants proceed *pro se,* and in light of the sanctions imposed by the trial court, we will, on this occasion, restrain our initial impulse to impose Rule 38 sanctions *sua sponte.*

The judgment of the district court is AFFIRMED.

---

**2.** Rule 38 of the Federal Rules of Appellate Procedure provides:

If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.