**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 27, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 06-20887

(Summary Calendar)
_____

ROYCE EUGENE MITCHELL, JR.,

Petitioner - Appellant,

versus

CHANDY THOMAS; UNITED STATES OF AMERICA,

Respondents - Appellees.

Appeal from the United States District Court
For the Southern District of Texas
No. 4:06-MC-357

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

The petitioner/taxpayer, Royce E. Mitchell, Jr. ("Mitchell"), was under investigation for

outstanding tax liabilities for 2001 and 2002. The investigation was conducted by Chandy Thomas

_____

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

("Thomas"), a revenue agent for the Internal Revenue Service. On August 10, 2006, Thomas issued an administrative summons to Bank of America requesting copies of "all records, including signature cards, bank statements, deposit slips, checks deposited" between January 1, 2001 and December 31, 2005 pertaining to Mitchell. Notice of the summons was given to Mitchell. On August 25, 2006, Mitchell filed a petition to quash the summons. The district court denied Mitchell's petition and Mitchell's subsequent motion for reconsideration.

A review the denial of a petition to quash begins by determining whether the government has established a *prima facie* case pursuant to the four factors articulated by the Supreme Court in *United States v. Powell*, 379 U.S. 48 (1964). The *Powell* court stated that in order for the IRS to enforce a summons, it must demonstrate that: (1) the basis for the underlying investigation is legitimate, (2) the investigation's relevancy causally relates to that basis, (3) the IRS does not already possess the information being sought, and (4) the administrative procedures established by the Internal Revenue Code have been adhered to. *Id.* at 57-58. "The government's minimal burden at this stage can be fulfilled by a 'simple affidavit' by the IRS agent issuing the summons." *Mazurek v. United States*, 271 F.3d 226, 230 (5th Cir. 2001). The government has met this burden as Thomas has submitted a declaration outlining the history of the case and asserting facts meeting the above factors.

Because the government has established a *prima facie* case "we assess whether the opponent of the summons fulfills his 'heavy' burden of rebutting the proponent's case by either undermining the proponent's contentions regarding any of the *Powell* factors or by demonstrating that enforcement of the summons would result in an 'abuse' of the court's process." *Id.* Mitchell has provided nothing beyond conclusory assertions that the *Powell* factors are not met and has provided no support for his

claim that the summons was issued in bad faith.[1]  This is insufficient to satisfy his heavy burden.

Mitchell additionally argues that the district court abused its discretion by denying the petition to quash without holding an adversary hearing.  We have held that "before a taxpayer is entitled to the adversary summons enforcement hearing, he 'must raise in a substantial way the existence of substantial deficiencies in the summons proceedings.'"  *United States v. Harris*, 628 F.2d 875, 879 (5th Cir. 1980) (quoting *United States v. Newman*, 441 F.2d 165, 169 (5th Cir. 1971)).  Mitchell's conclusory assertions do not meet this standard.

Lastly, we note that Mitchell's arguments regarding sovereign and qualified immunity are not relevant to his petition to quash the summons.

Therefore, we AFFIRM the district court's denial of Mitchell's petition to quash the summons.

---

[1] "A summons is issued in bad faith if it is issued for an improper purpose such as to harass the taxpayer, to force the taxpayer to settle a collateral suit or for the sole purpose of gathering evidence for a criminal prosecution." *United States v. Harris*, 628 F.2d 875, 879 (5th Cir. 1980).