UNITED STATES of America and Internal Revenue Service Officer Janet S. Smith, Plaintiffs-Appellees,

v.

Faithe WISNOWSKI,
Defendant-Appellant.

UNITED STATES of America and Internal Revenue Service Officer Janet S. Smith, Plaintiffs-Appellees,

v.

Edwin WISNOWSKI,
Defendant-Appellant.

UNITED STATES of America and Internal Revenue Service Officer Harold Owens, Plaintiffs-Appellees,

v.

Everett D. KLAUMANN,
Respondent-Appellant.

UNITED STATES of America and Internal Revenue Service Officer Harold Owens, Plaintiffs-Appellees,

v.

Rhea E. KLAUMANN,
Defendant-Appellant.

UNITED STATES of America and Internal Revenue Service Officer Janet S. Smith, Plaintiffs-Appellees,

v.

Faithe WISNOWSKI and Edwin Wisnowski, Defendants-Appellants.

UNITED STATES of America and Internal Revenue Service Officer Janet S. Smith, Plaintiffs-Appellees,

v.

Edwin WISNOWSKI and Faithe Wisnowski, Defendants-Appellants.

Nos. 77–2763, 77–2764, 77–2832, 77–2834, 78–1402 and 78–1403
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 1978.

Rehearing and Rehearing En Banc Denied Nov. 9, 1978.

Faithe Wisnowski, pro se.

J. A. Canales, U. S. Atty., Houston, Tex., M. Carr Ferguson, Asst. Atty. Gen., Robert E. Lindsay, William A. Whitledge, Gilbert E. Andrews, Attys., Dept. of Justice, Washington, D. C., for plaintiffs-appellees.

Edwin Wisnowski, pro se.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Everett D. Klaumann, pro se.

Rhea E. Klaumann, pro se.

Before THORNBERRY, GEE and FAY, Circuit Judges.

GEE, Circuit Judge:

These appeals present a most unappealing record of what appear to be calculated delaying tactics by the four taxpayers concerned, seemingly designed to frustrate the processes of the court and the tax collection process. These include repeated and uncivil refusals to cooperate in the most trivial matters of procedure, sweeping claims of constitutional privilege, the attempted forcing of unlicensed "counsel" upon the proceedings, and a very full catalogue of associated obstinate behavior. Since we conclude, despite these circumstances, that the proceedings were fundamentally flawed from the outset, and since the law must protect the recalcitrant as well as the dutiful citizen, we have no choice but to vacate the prior orders herein of the court below and remand these matters for a proper hearing at which the district judge can hear and pass on appellants' objections to the summons issued to them by the Internal Revenue Service (IRS).

Each of these four taxpayers refused to obey an IRS summons. The Service sought enforcement in district court. A magistrate heard the matters and issued what purported to be orders enforcing each summons, orders which each taxpayer flouted. The magistrate then issued further orders directing each to appear before the district judge to show cause why he should not be held in contempt for violating the magistrate's order enforcing his summons. These hearings before the judge were noticed to be, limited in scope to, and eventuated in orders which may be read as concerning themselves primarily if not solely with, whether the taxpayers had violated the *magistrate's* order directing compliance with the summons. Thus, as we shall note, matters got off on the wrong foot to begin with and have remained there.

As the government properly concedes, it was beyond the magistrate's enumerated powers (28 U.S.C. § 636) to conduct such enforcement proceedings or to render a final decision in such a civil case.[1] Thus the magistrate's orders sought to be enforced by the district judge's later ones were beyond the magistrate's jurisdiction. We might be able to disregard this circumstance and uphold the district *judge's* orders enforcing the summons and his consequent contempt order when these were disobeyed but for the fact that his hearings were noticed to be and limited almost entirely if not exclusively to the question whether the magistrate's orders had been disobeyed. Such hearings do not comport with the requirements of *Reisman v. Caplin*, 375 U.S. 440, 446, 84 S.Ct. 508, 512, 11 L.Ed.2d 459 (1964):

> "Any enforcement action . . . would be an adversary proceeding affording a judicial determination of the challenges to the *summons* . . . . In such a proceeding only a refusal to comply with an order of the district *judge* subjects the witness to contempt proceedings." (Emphasis added.)

Concededly it might be possible, on considerations of waiver, procedural default and the sanctity of even an erroneous order of the court, to salvage the proceedings below. There can be little doubt that taxpayers' tactics and conduct merit no better result. But we do not sit to pass on the winsomeness or civic virtue of litigants, and we conclude that a remand for a proper hearing is the better course. Such proceedings, resulting in either refusals to enforce the summons or in unassailable orders en-

---

1. This case did not proceed under 26 U.S.C. § 7604(b), which permits enforcement of such summons by a magistrate in particular circumstances.

forcible by incarceration, if need be, are preferable to an extension of these fundamentally flawed ones. The prior orders of the district court, including its adjudication of civil contempt, are vacated and these causes are remanded for enforcement proceedings complying with *Reisman,* supra.

VACATED AND REMANDED.