628 F.2d 871
 80-2 USTC P 9749
 UNITED STATES of America and Ralph J. Pulliam, Special
Agent, Internal Revenue Service, Petitioners-Appellees,
v.
FIRST NATIONAL BANK OF ATLANTA, etc., et al., Defendants,
Robert M. Sparks, Intervenor-Appellant.
 No. 78-2762.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 23, 1980.
 
 Herman L. Hazen, Atlanta, Ga., for intervenor-appellant.
 M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate, Sec. Thomas M. Preston, Carleton D. Powell, Tax Division, Dept. of Justice, Washington, D. C., for petitioners-appellees.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before SIMPSON, HILL and HATCHETT, Circuit Judges.
 SIMPSON, Circuit Judge:
 
 
 1
 Robert M. Sparks, the intervenor-appellant, challenges an order of the district court enforcing a summons issued by an Internal Revenue Service (IRS) special agent pursuant to Section 7602 of the Internal Revenue Code. The district court found that the IRS issued the summons for criminal and civil investigatory purposes. Sparks argues that the summons is unenforceable because it was issued for the single purpose of gathering evidence for a criminal prosecution. We affirm.
 
 
 2
 In February of 1977 the IRS, Audit Division, notified Sparks that his 1975 return was selected for audit. He voluntarily released his 1975 records to the Audit Division. A special agent, Criminal Division, obtained these records from the Audit Division. On April 28, 1977 the agent obtained a search warrant and searched Sparks' premises for evidence of violations of § 7201 (tax evasion) or § 7206(1) (signing false returns). The special agent's affidavit was attached to the search warrant. The affidavit and the agent's testimony at the summons enforcement hearing showed that probable cause was grounded on a tip from an informant, on copies of Sparks' records furnished by the informant and on the records obtained from the Audit Division. The agent testified that the search warrant was used in an attempt to prevent destruction or withholding of the records.
 
 
 3
 Five months later the special agent issued a summons to the First National Bank of Atlanta directing the bank to produce records pertinent to Sparks for the 1974 and 1975 tax years. I.R.C. § 7602. The bank, at Sparks' request, refused to comply. The IRS filed a petition in the district court to enforce the summons. I.R.C. §§ 7402(b), 7604(a). Sparks sought, and was allowed, to intervene in the summons enforcement proceedings. See United States v. Harris, President, Fresno Mfg. Co., 628 F.2d 875 (5th Cir. 1980) decided this date, for a discussion of the proper method of placing the IRS' purpose in issuing the summons in issue.
 
 
 4
 A United States Magistrate presided over the show cause hearing. Sparks did not seek prehearing discovery. See United States v. Harris, supra. The special agent who issued the summons was the single witness. His testimony showed and the magistrate found the following facts.
 
 
 5
 The investigation was in the fact finding stage at the time the summons was issued and the case had not been forwarded to the Department of Justice with a recommendation for criminal prosecution. In fact, no such recommendation had been made by the special agent to his superiors. The agent frankly admitted that the evidence strongly suggested criminal violations had occurred and that the summoned evidence might be used in any future criminal prosecution. However, the agent also needed the summoned records to determine Sparks' potential civil tax liability. The agent needed the summoned records before he could make an informed decision whether to recommend criminal prosecution and also whether to pursue civil tax liability.
 
 
 6
 Relying on these facts the magistrate entered an order purporting to enforce the summons. Sparks "appealed" to the district court. The district court reviewed the magistrate's order, approved the findings therein and directed the bank to comply with the summons.
 
 THE PROCEDURAL ISSUE
 
 7
 Although it was not raised or argued by appellant there is a troublesome issue in this case. The magistrate entered what appears to be a final judgment. As we have previously held, a district court may not permit, and the parties may not consent to, extension of the power of the magistrate to enter final judgment in an area where such power is restricted to the district courts. United States Steelworkers of America, AFL-CIO v. Bishop, 598 F.2d 408 (5th Cir. 1979). The applicable sections of the Code restrict the power to enforce a § 7602 summons to the district courts. See I.R.C. §§ 7402(b), 7604(a); United States v. Wisnowski, 580 F.2d 149, 150 (5th Cir. 1978), reh. denied, 585 F.2d 521. However, the district court could properly refer the matter to a magistrate to conduct an evidentiary hearing and submit proposed findings of fact and a proposed disposition. 28 U.S.C. § 636(b)(1). In this case the district court "made a de novo determination" of the portions of the magistrate's order that Sparks did not agree with. See 28 U.S.C. § 636(b)(1) (C). Therefore Sparks has received the substantial equivalent of what the statute requires. For these reasons we think it within our discretion to construe the magistrate's order as a proposed disposition and the district court order as an adoption of the magistrate's proposal. See United States v. Wisnowski, supra, 580 F.2d at 150.
 
 THE SOLE INSTITUTIONAL PURPOSE ISSUE
 
 8
 In our companion case, United States v. Harris, supra, we discuss the implications of United States v. LaSalle, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), in this area of the law and the background surrounding enforcement of § 7602 summonses. For that reason the following discussion is abbreviated.
 
 
 9
 The district court should enforce a § 7602 summons if it is issued in good faith, for a purpose authorized by the statute and prior to IRS recommendation to the Department of Justice for criminal prosecution. Donaldson v. United States, 400 U.S. 517, 537, 91 S.Ct. 534, 545, 28 L.Ed.2d 580 (1971); United States v. LaSalle, supra, 437 U.S. at 307, 98 S.Ct. at 2365, 57 L.Ed.2d at 230. A summons is not issued in good faith if the single institutional purpose behind issuance is to gather evidence for a criminal prosecution. LaSalle, supra, 437 U.S. at 316, 98 S.Ct. at 2367, 57 L.Ed.2d at 235; United States v. Harris, supra, 628 F.2d at 875. Sparks seeks shelter from the summons under this defense. Clearly a summons can be issued in investigation of possible criminal conduct so long as a parallel civil investigatory purpose exists. LaSalle, supra, 437 U.S. at 317, 98 S.Ct. at 2367, 57 L.Ed.2d at 236; Couch v. United States, 409 U.S. 322, 326, 93 S.Ct. 611, 614, 34 L.Ed.2d 548 (1973). In a case such as the present one, where the investigation is in the fact finding stage, the civil and criminal elements are "inherently intertwined." LaSalle, supra, 437 U.S. at 312, 98 S.Ct. at 2363, 57 L.Ed.2d at 233. United States v. Harris, supra. Therefore in a nascent investigation a taxpayer will rarely be able to establish the sole criminal purpose defense. United States v. Harris, supra. To establish the defense the taxpayer must show that the IRS, as an institution, has abandoned pursuit of civil tax liability, a heavy burden which rests squarely on the shoulders of the taxpayer. LaSalle, supra, 437 U.S. at 316, 98 S.Ct. at 2367, 57 L.Ed.2d at 235. A showing that the individual agent's sole personal motivation is to gather evidence for a criminal prosecution will not suffice. Id. In cases where the individual agent has not even made a recommendation to his superiors for criminal prosecution the summons is "virtually unassailable." United States v. Harris, supra, 628 F.2d 875, quoting United States v. Genser, 595 F.2d 146, 151 (3d Cir. 1979). LaSalle suggested two possible exceptions-where the institution has decided to recommend criminal prosecution but delays formal recommendation solely to gather additional evidence for prosecution or where the IRS is using the § 7602 summons power to gather evidence for the Department of Justice. Id., 437 U.S. at 316-17, 98 S.Ct. at 2367-68.
 
 
 10
 The evidence in the instant case shows pursuit of both a civil and a criminal tax investigation, not abandonment of the civil purpose. Therefore a dual criminal-civil purpose exists and the summons should be enforced.
 
 
 11
 Sparks argues that the prior use of a search warrant-obviously to uncover evidence for possible criminal prosecution shows a sole criminal investigation purpose. It does not. The IRS may vigorously pursue criminal investigation with all legal tools without abandoning the civil investigatory purpose. A civil purpose can exist even though a search warrant has previously been issued so long as the civil investigation is not abandoned by the IRS as an institution. See United States v. Zack, 521 F.2d 1366 (9th Cir. 1975).
 
 
 12
 The special agent testified that approximately sixteen special agents were involved in the investigation at one time or another. Sparks vigorously argues that fact shows a sole institutional criminal investigation purpose. The involvement of a large number of special agents does not necessarily signal abandonment of the civil investigation purpose.
 
 
 13
 The decision of whether the IRS as an institution had a valid civil purpose for issuing the summons is a question of fact which was decided by the lower court and is supported by substantial evidence in the record. The order enforcing the summons is
 
 
 14
 AFFIRMED.