**UNITED STATES of America and Rogerlyn P. Greason, Revenue Officer of the Internal Revenue Service, Appellees,**

v.

**Jack MUELLER, Appellant.**

**No. 90–2243EM.**

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1991.

Decided April 5, 1991.

Rehearing Denied May 8, 1991.

Murray Stone, St. Louis, Mo., for appellant.

Joy L. Pritts, Washington, D.C., for appellees.

---

Before McMILLIAN and MAGILL, Circuit Judges, and WOODS,* District Judge.

PER CURIAM.

Jack Mueller appeals from a final order entered in the District Court[1] for the Eastern District of Missouri granting a petition to enforce an Internal Revenue Service (IRS) summons. *United States v. Mueller*, No. 89–MISC–445 (E.D.Mo. June 27, 1990) (memorandum and order). For reversal, Mueller argues the district court erred in adopting the order filed by the magistrate judge[2] and in failing to hold an evidentiary hearing on the validity of the underlying assessments. For the reasons discussed below, we affirm the order of the district court.

On or about January 1, 1980, Mueller and Kenneth Toomer formed a partnership. The partnership was short-lived, and Mueller withdrew from the partnership as of July 31, 1981. On July 31, 1981, Mueller filed on behalf of the partnership an employer's quarterly federal income tax return (Form 941) for the second quarter of 1981. Mueller asserted that he also filed an employer's annual federal unemployment tax return (Form 940) for the partnership covering the first and second quarters of 1981 at the same time, but the IRS has been unable to verify this. On November 4, 1981, the partnership filed an employer's quarterly federal income tax return (Form 941) for the third quarter of 1981. According to the government, this return showed taxes were due but no payment was made. In March 1982 the partnership filed a second annual federal unemployment tax return (Form 940). The IRS made timely assessments against the partners for the third quarter of 1981 withholding and unemployment taxes.

In the meantime, in September 1981, Toomer filed a petition in bankruptcy captioned "Toomer, Mueller & Co., a partnership, Debtor," in the Bankruptcy Court for the Eastern District of Missouri. A plan of reorganization was approved in 1982, but the debtor defaulted in 1984. Also in 1984 two "final" partnership returns of income (Form 1065) for tax year 1981 were filed on behalf of the partnership—the first by Toomer in August 1984, the second by Mueller in September 1984. The IRS made a timely assessment of a late filing penalty against the partnership for filing a late Form 1065.

IRS agent Rogerlyn P. Greason was assigned to collect the unpaid taxes and penalties assessed against the partnership. In July 1989 Greason issued an IRS summons to Mueller directing him to appear and produce documents about his financial status. *See* 26 U.S.C. § 7602. Mueller refused to comply with the summons, and the IRS filed a petition to enforce the summons in federal district court. The district court issued a show cause order and referred the matter to a magistrate judge pursuant to 28 U.S.C. § 636(b). The parties submitted a joint stipulation of facts, and the magistrate judge held an evidentiary hearing at which Greason and Mueller testified. Mueller argued that he was not liable for the partnership taxes and penalties which the IRS was trying to collect because those taxes and penalties had accrued after he had withdrawn from the partnership. For this reason, Mueller argued that he should not be required to obey the summons. The magistrate judge disagreed with Mueller's arguments, found that the IRS had made a prima facie case for enforcement of the summons pursuant to *United States v. Powell*, 379 U.S. 48, 55, 57, 85 S.Ct. 248, 253, 254, 13 L.Ed.2d 112 (1964), and issued an order enforcing the summons instead of a report and recommendation. Mueller filed timely objections. The district court treated the magistrate judge's order as a proposed order, made a de novo determination, and granted the petition for enforce-

* The Honorable Henry Woods, United States District Court Judge for the Eastern District of Arkansas, sitting by special designation.

1. The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri.

2. The Honorable Robert D. Kingsland, United States Magistrate Judge for the Eastern District of Missouri.

**12**

ment of the summons. This appeal followed.

 Mueller's first argument is procedural. He argues the district court erred in treating the magistrate judge's order as a proposed order. Mueller argues that in the absence of the report and recommendation contemplated by 28 U.S.C. § 636(b), he was unable to prepare adequate objections. We agree with Mueller that the magistrate judge improperly filed what appears to be a final order. According to the district court's order of reference pursuant to 28 U.S.C. § 636(b), the magistrate judge should have filed a report and recommendation, that is, proposed findings of fact and a proposed disposition. However, in the present case, the magistrate judge's order was the functional equivalent of the report and recommendation required by 28 U.S.C. § 636(b). *See, e.g., United States v. First National Bank*, 628 F.2d 871, 873 (5th Cir.1980). The parties and the district court treated the magistrate judge's order as a proposed order and, as required by 28 U.S.C. § 636(b), the district court conducted a de novo review in light of Mueller's detailed, written objections. We hold the district court did not err in treating the magistrate judge's order as a proposed order.

Mueller also argues the district court failed to respond specifically to each of his objections. We note, however, that because the material facts were not disputed in the present case, the district court was not required to make specific findings of fact.

Mueller next argues the district court erred in refusing to hold an evidentiary hearing at which he could have contested the validity of the underlying assessments. We disagree. The district court correctly held that Mueller could not use the proceedings to enforce the IRS summons as a forum in which to contest the validity of the underlying assessments. *See, e.g., United States v. Harper*, 662 F.2d 335, 336 (5th Cir.1981) (per curiam) (taxpayer's desire to contest underlying assessment will not suffice to meet taxpayer's burden to show improper purpose).

Accordingly, the order of the district court is affirmed. *See* 8th Cir.R. 47b. Neither the district court's order nor this opinion should be construed as passing on the merits of Mueller's challenge to the validity of the underlying assessments.