25 F.3d 1059
 73 A.F.T.R.2d 94-2073
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America; Larry Inman, Revenue Officer,
Internal Revenue Service, Petitioners-Appellees,
v.
Alvin J. HECK, Respondent-Appellant.
 No. 93-3310.
 United States Court of Appeals, Tenth Circuit.
 May 5, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and BROWN,** District Judge.[2]
 
 
 2
 Defendant-appellant Alvin J. Heck appeals the district court's order enforcing an Internal Revenue administrative summons and its order denying his motion for a stay pending appeal. Because the district court did not err in enforcing the summons, and because we are without jurisdiction to examine whether a stay should have been granted, we affirm.
 
 
 3
 In April 1993, Internal Revenue Officer Larry Inman was investigating ways to collect the tax liability of Alvin and Paige Heck for the years of 1983, 1988, and 1989. To aid in this investigation, Inman issued an administrative summons to Mr. Heck which required him to produce documents and records regarding his financial condition. Mr. Heck refused to comply with the summons, and on July 7, 1993, he and his wife submitted codicils and supporting affidavits purporting to revoke all previously filed 1040 tax forms from 1942 to the present.
 
 
 4
 Pursuant to 26 U.S.C. 7402(b) and 7604, the Internal Revenue Service (IRS) filed a petition to enforce the summons in the United States District Court for the District of Kansas. In support of the petition, Inman submitted a declaration stating that he was investigating the collectability of the Hecks' tax liability, that the requested information was necessary for this investigation, that such information was not already in his possession, and that all administrative requirements had been met. Mr. Heck filed a motion to quash the summons on the grounds that the IRS failed to prove the existence of a tax liability or that Mr. Heck engaged in a taxable activity.
 
 
 5
 A hearing was set for September 16, 1993. On September 10, 1993, Mr. Heck requested that the IRS produce certain documents and filed a motion to continue the hearing until such documents were produced. The district court denied the motion, finding that production of the requested documents was not essential to the summons enforcement proceeding. After the hearing, the district court enforced the IRS summons, ordering Mr. Heck to furnish the requested documents and records.
 
 
 6
 Mr. Heck filed his notice of appeal on September 21, 1993. The next day, Mr. Heck filed a motion with the district court for a stay pending his appeal. The motion was denied on September 23, 1993. Mr. Heck has neither filed a notice of appeal from this ruling nor requested a stay from this court.
 
 
 7
 A district court's decision to enforce a summons will be upheld unless it is clearly erroneous. See United States v. Coopers & Lybrand, 550 F.2d 615, 620 (10th Cir.1977). To enforce an administrative summons, the IRS must show that
 
 
 8
 the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been followed.
 
 
 9
 United States v. Powell, 379 U.S. 48, 57-58 (1964). We have held that this burden is "a slight one," which may be met by an affidavit of the agent who issued the summons. United States v. Balanced Fin. Management, Inc., 769 F.2d 1440, 1443 (10th Cir.1985). Once the government makes a prima facie showing, the potential taxpayer bears a "heavy" burden of factually refuting the government's case or demonstrating an affirmative defense such as a lack of good faith. Id. at 1444.
 
 
 10
 Mr. Heck argues that because he does not owe any taxes, the summons issued in aid of collecting such taxes was not issued for a legitimate purpose. This, however, is not the proper focus of our inquiry. A taxpayer cannot use a summons enforcement proceeding as a forum in which to contest the validity of the underlying assessments. See, e.g., Unites States v. Mueller, 930 F.2d 10, 12 (8th Cir.1991)(challenge to underlying assessments improper in hearing to enforce summons issued in aid of collection); United States v. Harper, 662 F.2d 335, 336 (5th Cir.1981)("The validity of an assessment may not be challenged in a summons enforcement proceeding."). Instead, there are specific procedures available for testing the validity of a taxpayer's liability. See generally 26 U.S.C. 6213, 7422, 7429.
 
 
 11
 It is undisputed that Inman issued the summons to gather financial information that would assist him in collecting the Hecks' tax liability. Such a purpose is a legitimate one, expressly authorized by 26 U.S.C. 7602(a) as a purpose for which a summons may be issued. Inman's declaration also meets the remaining Powell requirements: he alleges that the requested information is necessary for his investigation, is not in his possession, and that all administrative steps have been taken. The government, therefore, met its burden.
 
 
 12
 Even if we were to consider Mr. Heck's argument that revocation of the Hecks' 1040 forms negated their tax liability, we note that such revocation occurred well after the summons was issued. "The validity of [an IRS] summons is tested as of the date of issuance." United States v. Hodgson, 492 F.2d 1175, 1177 (10th Cir.1974). Because the summons was issued while the Hecks' 1040 forms were still effective, no dispute existed as to the validity of their tax liability at that time, and the summons issued for a legitimate purpose.
 
 
 13
 There is also no merit to Mr. Heck's contention that the court erred in refusing to continue the hearing until the documents requested from the IRS were produced. The requested documents went to the issue of whether the Hecks' tax liability assessment was valid. As explained, this inquiry was not relevant to the enforcement proceeding merits. Therefore, the court did not err in denying Mr. Heck's motion for a continuance.
 
 
 14
 Because Mr. Heck did not appeal the district court's denial of his motion for a stay, we are without jurisdiction to address this matter. See Morris v. Adams-Millis Corp., 758 F.2d 1352, 1356 (10th Cir.1985).
 
 
 15
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument