23 F.3d 395
 73 A.F.T.R.2d 94-2075
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Plaintiff, Appellee,
v.
Brian R. GARDELL, Defendant, Appellant.
 No. 93-1916
 United States Court of Appeals,
First Circuit.
 May 6, 1994.
 
 Appeal from the United States District Court for the District of New Hampshire [Hon. Martin F. Loughlin, Senior U.S. District Judge ]
 Brian R. Gardell on brief pro se.
 Michael L. Paup, Acting Assistant Attorney General, Gary R. Allen, Charles E. Brookhart and Scott P. Towers, Attorneys, Tax Division, Department of Justice on brief for appellee.
 D.N.H.
 AFFIRMED.
 Before Torruella, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Brian Gardell appeals an order of the United States District Court for the District of New Hampshire approving the report and recommendation of the magistrate judge that he comply with an Internal Revenue Service [IRS] summons issued pursuant to 26 U.S.C. Sec. 7602. The administrative summons directs Gardell to appear at the IRS office in Portsmouth, New Hampshire, to give testimony and to produce for examination books and records relating to his tax liabilities for the years 1985 and 1987. Tax liabilities had previously been assessed against Gardell for these years and the purpose of the summons was to determine the collectability of these liabilities. On appeal, Gardell asserts that the district court lacked jurisdiction to enforce the summons since Gardell has the "Status ... of Freeman and ... has no Contractual, Quasi-Contractual or implied agreements with the Federal Government." He also contends that the enforcement of the summons violated his constitutional right to due process. We affirm essentially on the grounds stated by the magistrate judge in his report and recommendation dated July 7, 1993. We add only the following remarks.
 
 
 2
 First, Gardell's contention that as a "Freeman" without contractual obligations to the government he is not subject to the district court's jurisdiction is totally without merit.[1] See United States v. Sloan, 939 F.2d 499, 500-01 (7th Cir. 1991) (contention that appellant was free from income tax because he was a "freeborn, natural individual ... [and thus] not subject to the jurisdiction of laws of the United States" is frivolous), cert. denied, 112 S.Ct. 940 (1992); United States v. Drefke, 707 F.2d 978, 981 (8th Cir. 1983) (claim that "taxes are debts which can only be incurred voluntarily when individuals contract with the government for services ... is totally without arguable merit"), cert. denied, 464 U.S. 942 (1983). The district court has subject matter over a petition to enforce an IRS administrative summons pursuant to 26 U.S.C. Sec. 7604(a). It acquired personal jurisdiction over Gardell through service upon him of the show cause order and the petition of enforcement. United States v. Bichara, 826 F.2d 1037, 1039 (11th Cir. 1987); United States v. Miller, 609 F.2d 336, 338 (8th Cir. 1979).
 
 
 3
 Second, the record makes clear that the IRS has met its burden of establishing a prima facie case for enforcement of the administrative summons as set out in United States v. Powell, 379 U.S. 48 (1964). See also Sylvestre v. United States, 978 F.2d 25, 26 (1st Cir. 1992), cert. denied, 113 S.Ct. 1606 (1993). Gardell, who concedes that the IRS satisfied these requirements, thereupon bears the burden of showing, by an allegation of specific facts, that the enforcement of the summons would constitute an abuse of the court's process-"that is, that the summons had been issued for an improper purpose or for any other purpose reflecting on the good faith of the investigation." Id. at 27 (citing Powell, 379 U.S. at 58). The only arguments Gardell raised in this regard either before this court or before the district court challenge the liabilities which were assessed against him and which underlie the summons. However, a challenge to an assessment of liability can only be brought in Tax Court within ninety days of the mailing of a notice of deficiency, see 26 U.S.C. Sec. 6213(a), or before the district court after the payment of the tax, id. Sec. 7422 (until tax is paid, district court without jurisdiction to hear allegation that tax has been erroneously assessed).[2] A challenge to the underlying assessment is not a valid defense to the enforcement of an administrative summons, United States v. Harper, 662 F.2d 335, 336 (5th Cir. 1981) (per curiam ) (taxpayer challenge to underlying assessment does not suffice to meet his burden to show improper purpose), and is misplaced in an appeal from a district court order enforcing one, United States v. Mueller, 930 F.2d 10, 12 (8th Cir. 1991) ("district court correctly held that [the summoned party] could not use the proceedings to enforce the IRS summons as a forum in which to contest the validity of the underlying assessments."). Since Gardell was afforded an opportunity to challenge the administrative summons in an adversarial proceeding before the district court prior to the enforcement of the summons, he suffered no deprivation of his constitutional right to due process. See Reisman v. Caplin, 375 U.S. 440, 446, 449-50 (1964) (no constitutional invalidity in procedure for enforcement of summons since there is "full opportunity for judicial review before any coercive sanctions may be imposed"); United States v. Gilleran, 992 F.2d 232, 233- 34 (9th Cir. 1993) ("no liberty or property interest protectable by due process prior to the enforcement of the summons").
 
 
 4
 Finally, the IRS asks this court to impose sanctions against appellant for bringing a frivolous appeal. Gardell's challenges to the administrative summons are frivolous and/or misplaced. Both this court and others have not hesitated to impose sanctions for similarly frivolous appeals. See, e.g., Kelly v. United States, 789 F.2d 94, 98 (1st Cir. 1986) (imposing sanctions on appellant who claimed that because he was a "natural individual and unenfranchised freeman" who neither asked for nor received privileges from government he owed no tax); Sullivan v. United States, 788 F.2d 813, 816 (1st Cir. 1986) (similar); see also Wilcox, 848 F.2d at 1008 (appellant contended wages are not income and payment of taxes is voluntary); Casper v. Commissioner, 805 F.2d at 906 (similar). We agree that sanctions are warranted in this case. Although the Government seeks $1,500 in lieu of costs and attorneys' fees, we, in accord with our prior practice in similar cases, assess only double costs against Gardell for bringing a frivolous appeal. Fed. R. App. P. 38.
 
 
 5
 The judgment of the district court is affirmed. Double costs are assessed against appellant.
 
 
 
 [1]
 Similarly frivolous is Gardell's contention that the taxing of wages is unconstitutional. See, e.g., Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988) (contention that wages are not income for tax purposes is frivolous); Casper v. Commissioner, 805 F.2d 902, 906 (10th Cir. 1986) (appellant's contention that amount he received from his employer is not taxable income is "clearly without merit") (citing cases)
 
 
 [2]
 There is no evidence that Gardell ever attempted to file a petition for redetermination of his liabilities with the Tax Court. According to this IRS, the time to challenge Gardell's tax liability in Tax Court has now passed