**UNITED STATES of America, Petitioner,**

v.

**Rita Ann BELL, Respondent.**

**No. C–99–0023 CW.**

United States District Court, N.D. California.

June 22, 1999.

---

Jay R. Weill, Thomas F. Carlucci, U.S. Atty's Office, Tax Division, San Francisco, CA, for petitioner.

Rita A. Bell, Daly City, CA, pro se.

*ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE: ORDER TO SHOW CAUSE WHY IRS SUMMONS SHOULD NOT BE ENFORCED*

WILKEN, District Judge.

The Court has received Magistrate Judge Laporte's Report and Recommendation Re: Order to Show Cause Why IRS Summons should not be Enforced. No objections to the report were filed. The Court has reviewed the Report and Recommendation *de novo* and finds the Report correct, well-reasoned and thorough, and adopts it in every respect. Accordingly,

IT IS HEREBY ORDERED that the summons be enforced and that Rita Ann Bell appear for examination forthwith and to testify and produce the requested books and records.

REPORT AND RECOMMENDATION RE: ORDER TO SHOW CAUSE WHY IRS SUMMONS SHOULD NOT BE ENFORCED

LAPORTE, United States Magistrate Judge.

**Factual and Procedural Background**

This matter is before the Court on an Order to Show Cause why Respondent Rita Ann Bell should not be required to appear for examination before the Internal Revenue Service (IRS) in compliance with an IRS summons. On June 10, 1998, Petitioner United States of America, through IRS agent Corwin Fong, served a summons on Respondent to appear on June 25, 1998 to testify and to produce books and records from January 1, 1998 through May 31, 1998 in connection with the IRS' efforts to collect Respondent's tax liabilities for the years 1990 through 1992. *See* Verified Petition to Enforce Internal Revenue Service Summons at ¶¶ 3, 7 & Ex. A. On June 23, 1998, Respondent wrote to the IRS explaining that she was unavailable on June 25, 1998 because she would be out of town. *See id.* at ¶ 10 & Ex. B. The IRS wrote to Bell on August 10, 1998 and reset the examination for September 3, 1998. *See id.* at ¶ 12. Respondent failed to appear on September 3, 1998. *See id.* at ¶ 13.

On January 6, 1999, Petitioner filed a verified petition to enforce an IRS summons against Respondent. On February 8, 1999, this Court issued an order to show cause why the summons should not be enforced and set the matter for hearing on March 30, 1999. At the hearing, Thomas F. Carlucci appeared for Petitioner. Rita Ann Bell appeared *pro se.* Upon consideration of the verified petition, argument of counsel and the relevant authorities, the Court enters the following report and recommendation.

**I. Magistrate Judge's Jurisdiction to Determine Administrative Enforcement Proceedings**

While the United States consented to the jurisdiction of the magistrate judge, Respondent Rita Ann Bell declined to consent. Therefore, as an initial matter, this Court must ascertain the basis and scope of its jurisdiction to determine administrative enforcement proceedings absent consent. The Federal Magistrates Act, 28 U.S.C. § 631 et seq. (the "Magistrates Act"), establishes the scope of a magistrate judge's authority. Under the § 636 of the Magistrates Act, the District Court may refer three types of matters to a magistrate judge without the consent of the parties. First, the court may refer "any pretrial matter" for final determination except for eight enumerated dispositive motions. *See* 28 U.S.C.

§ 636(b)(1)(A).[1]  Second, the court may refer any of the excepted dispositive motions enumerated in subparagraph (A), as well as certain applications for post-trial relief, for evidentiary hearings and/or report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B).  Third, the court may "assign additional duties not inconsistent with the Constitution and laws of the United States." *See* 28 U.S.C. § 636(b)(3).

### A.  *Magistrate Judge's Authority*

Here, the Court is presented with a petition to enforce an IRS summons.  Although the district court did not expressly state upon which subsection(s) of the Magistrates Act the referral was based, this Court assumes that the district court referred this matter pursuant to the "additional duties" provision of § 636(b)(3). While the Ninth Circuit has not directly addressed the issue, several circuits have held that regardless of whether enforcement proceedings were referred under § 636(b)(1)(B) (specifying a report and recommendation) or § 636(b)(3) (authorizing referral of "additional duties"), the parties are entitled to *de novo* review by the district court.

For example, in *United States v. Mueller*, 930 F.2d 10 (8th Cir.1991), the Eighth Circuit Court of Appeals addressed the issue when the IRS filed a petition to enforce a taxpayer summons issued pursuant to § 7602 of the Internal Revenue Code, 26 U.S.C. § 7602.  The district court issued a show cause order and then referred the matter to a magistrate judge pursuant to § 636(b), without specifying any subsection. *See id.* at 11.  The magistrate judge conducted an evidentiary hearing and issued an order enforcing the summons. *See id.*  The taxpayer filed objections with the district court. *See id.* The district court treated the magistrate judge's order as a proposed order, re-

viewed it *de novo*, and granted the petition for enforcement. *See id.* at 11–12.

On appeal, the Eighth Circuit determined that the magistrate judge should have issued a report and recommendation. *See id.* at 12.  The appellate court affirmed the district court, however, because the magistrate judge's order, which was reviewed *de novo*, was the "functional equivalent" of a report and recommendation. *See id.* at 12 (citing *United States v. First Nat'l. Bank*, 628 F.2d 871, 873 (5th Cir. 1980)); *see also Aluminum Co. of America v. United States Envtl. Protection Agency*, 663 F.2d 499, 501–502 (4th Cir.1981) (where record was devoid of authority relied on by district court in referral and parties did not consent, "the judge had to refer the motion [to quash administrative search warrant] under § 636(b)(1)(B) or § 636(b)(3)" because it was a dispositive matter setting forth all relief requested, not a pretrial matter).

The Tenth Circuit addressed the correct standard of review for enforcement proceedings that are referred under § 636(b)(3), the "additional duties" clause of the Magistrates Act. In *United States v. Jones*, 581 F.2d 816 (10th Cir.1978), the district court referred an IRS petition for enforcement of a third-party summons to a magistrate judge under § 636(b)(3) to conduct further proceedings that were authorized by the local rules. *See id.* at 817. One local rule specifically authorized magistrate judges to enforce IRS summonses, citing § 7604(b) of the Internal Revenue Code, which refers to the authority of a magistrate judge to enter certain orders in enforcement proceedings.  *See id.; see also infra* n. 2. The magistrate judge ordered the third-party to comply with the summons.  *See Jones*, 581 F.2d at 817. The district court did not take any action nor did the taxpayer seek review in the district court, although the local rules pro-

---

**1.**  The eight excepted motions are: "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash indictment or information made by the defendant, to suppress evidence in a crim-

inal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss the action." *See* 28 U.S.C. § 636(b)(1)(A).

vided for such review. *See id.* at 818. Rather, the taxpayer appealed directly to the court of appeals. *See id.* at 817.

The Tenth Circuit Court of Appeals dismissed the appeal because the district court did not review the magistrate judge's order and did not enter a final judgment. *See id.* at 818. The appellate court explained that "[t]he Supreme Court has made it clear that a magistrate judge exercising 'additional duties' jurisdiction is continually subject to the inherent supervisory power of the district judge and that the judge retains the '. . . ultimate responsibility for decision making in every instance . . .'" *See id.* at 817–18 (citing *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976)). "Even under the most expansive reading, the judge's order and the local rules cited therein will not support a claim that the district court's Article III decisional power had been delegated to the magistrate." *Id.* at 818; *see also United States v. Cline*, 566 F.2d 1220 (5th Cir.1978) (court lacks jurisdiction to hear appeal from decision of magistrate judge enforcing IRS summons); *Aluminum Co.*, 663 F.2d at 502 n. 8 (where dispositive matter such as petition to quash administrative search warrant is referred under § 636(b)(3), *de novo* review required).

### B. Does Section 7604(b) of the Internal Revenue Code Confer Jurisdiction on a Magistrate Judge?

None of the foregoing cases addressed § 7604(b) of the Internal Revenue Code,

2. Section 7604(b) provides:

(b) Enforcement.—Whenever any person summoned under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and

which initially appears to confer jurisdiction on magistrate judges to decide quasi-contempt proceedings brought by the United States in IRS enforcement actions. *See* 26 U.S.C. § 7604(b).[2] Section 7604(b) provides in part that the government "may apply to the judge of the district court or to a United States commissioner for the district within which the person summoned resides or is found for an attachment against him as for a contempt." 26 U.S.C. § 7604(b).

In *Reisman v. Caplin*, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), however, the Supreme Court explained that if the IRS seeks to enforce a summons, "[it] must proceed under § 7402(b) which grants the district courts jurisdiction 'by appropriate process to compel such attendance, testimony, or production of books, papers or other data.'" *See id.* at 445–46, 84 S.Ct. 508. By contrast, § 7604(b), which allows the government to apply to a magistrate judge for certain relief in enforcement proceedings, provides an *additional remedy* for "an attachment . . . as for a contempt." *See id.* at 446, n. 4, 84 S.Ct. 508; 26 U.S.C. § 7604(b). The Court further explained:

As we read the legislative history, § 7604(b) remains in this comprehensive procedure provided by Congress to cover *only a default or contumacious refusal to honor a summons* before a hearing officer.

upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

Section 636(a)(1) of the Federal Magistrates Act provides that magistrate judges shall have "all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts." *See* 28 U.S.C. § 636(a)(1).

*Id.* at 448–49, 84 S.Ct. 508. A magistrate judge may conduct such proceedings and may "make such order as he shall deem proper." *See id.* at 448, 84 S.Ct. 508 (citing 26 U.S.C. § 7604(b)). Such orders are appealable, although the Court did not specify to whom such orders must be appealed. *See id.* at 449, 84 S.Ct. 508.

Following *Reisman,* several circuits held that a magistrate judge's order in enforcement proceedings must be appealed to the district court. In *United States v. First Nat'l. Bank of Rush Springs,* 576 F.2d 852 (10th Cir.1978), the Tenth Circuit interpreted *Reisman* as holding only that enforcement orders were appealable, not that magistrate judge's enforcement orders were directly appealable to a court of appeals. *See id.* at 853. Therefore, the court dismissed the taxpayers' appeal for lack of jurisdiction because they should have sought review in the district court. *See id.* at 853 (citing *Cline,* 566 F.2d 1220 (5th Cir.1978); *United States v. Haley,* 541 F.2d 678 (8th Cir.1974)).

In *United States v. Wisnowski,* 580 F.2d 149 (5th Cir.1978), a magistrate judge entered orders enforcing IRS summonses to taxpayers and subsequent orders to show cause before a district judge why the taxpayers should not be held in contempt for violating the initial orders. *See id.* at 150. Later, the district court conducted hearings and entered orders concerning whether the magistrate judge's initial orders had been disobeyed. *See id.* On appeal, the Fifth Circuit vacated the district court's orders because "the proceedings were fundamentally flawed from the outset." *See id.* "[I]t was beyond the magistrate's enumerated powers ... to conduct such enforcement proceedings or to render a final decision in such a civil case." *Id.* (citation omitted). In a footnote, the court observed without discussion that "[t]his case did not proceed under 26 U.S.C. § 7604(b), which permits enforcement of such summons by a magistrate in particular circumstances." *Id.* at 150 n. 1.

Two years later, in *United States v. First Nat'l. Bank of Atlanta,* 628 F.2d 871 (5th Cir.1980), the Fifth Circuit applied *Wisnowski* to a petition to enforce a third-party summons. In that case, the IRS issued a third-party summons to First National Bank of Atlanta for the records of a taxpayer under investigation. *See id.* at 873. At the taxpayer's request, the bank refused to comply. *See id.* The IRS filed a petition to enforce the summons in district court under §§ 7402(b) and 7604(a) of the Internal Revenue Code. *See id.* A magistrate judge presided over the show cause hearing and issued an order purporting to enforce the summons. *See id.* The taxpayer appealed to the district court which approved the findings of the magistrate judge and ordered the bank to comply. *See id.*

Although the parties did not object to this procedure, the appellate court *sua sponte* raised "the troublesome issue" of the magistrate judge's power to enter "what appears to be a final judgment." *See id.* The court found that the applicable sections of the Internal Revenue Code, §§ 7402(b) and 7604(a), restrict the power to enforce a § 7602 summons to the district courts. *See id.* (citing *Wisnowski,* 580 F.2d at 150). The appellate court explained that the district court could have referred the matter to a magistrate judge to conduct an evidentiary hearing and submit a report and recommendation that would be subject to *de novo* review by the district judge. *See id.* Since the district court reviewed the magistrate judge's findings subject to the taxpayer's objections, the appellate court found that the taxpayer had received the "substantial equivalent" of *de novo* review. *See id.* Thus, the court construed the magistrate judge's order as a proposed order and the district court's order as an adoption of the magistrate judge's proposal and then proceeded to consider the appeal on the merits. *See id.; see also United States v. Sweet,* Case No. 79–940 Civ. T–K, 1980 WL 1507 (M.D.Fla. January 28, 1980) (magistrate judge lacked jurisdiction to enter final en-

forcement orders because the government applied for enforcement under §§ 7402(b) and 7604(a) rather than § 7604(b)).

Thus, the weight of authority indicates that § 7604(b) does not confer jurisdiction upon a magistrate judge. In any case, here Petitioner only invoked §§ 7402(b) and 7604(a) of the Internal Revenue Code, not § 7604(b).

### C. *Petitions to Enforce IRS Summonses are Dispositive*

Regardless of the specific subsection under which matters are referred, a magistrate judge's jurisdiction to render a final decision ultimately depends on whether the proceedings are characterized as non-dispositive pretrial matters or dispositive matters. Although the Ninth Circuit has not directly addressed a magistrate judge's jurisdiction to render final decisions in agency enforcement proceedings, the court has analyzed whether an order denying a petition to quash is a final appealable decision.

In *D.I. Operating Co. v. United States,* 321 F.2d 586 (9th Cir.1963), the government invoked the district court's jurisdiction to enforce an IRS summons pursuant to §§ 7604(a) and 7402(b). Finding that the government did not invoke the court's jurisdiction pursuant to § 7604(b), the court did not decide whether § 7604(b) contemplates a proceeding for contempt as distinct from enforcement nor did the court address the magistrate judge's authority under any of the sections. *See id.* at 589.

Prior to reaching the merits of the taxpayer's appeal of his unsuccessful motion to quash, however, the appellate court analyzed its own jurisdiction:

A distinction is everywhere recognized between orders denying motions to quash subpoenas issued in aid of administrative proceedings, and orders of similar import with respect to subpoenas issued out of court proceedings unrelated to any administrative proceed-

ings. . . . 'There is no doubt that this appeal lies. The order is not like one made to a witness before an examiner or on the stand in the course of a proceeding inter alios in court. [citation omitted]. *It is the end of a proceeding begun against the witness.'* *Id.* at 587 (emphasis added). Thus, the court characterized enforcement proceedings in general as dispositive matters.

In *Maisonville v. F2 America, Inc.,* 902 F.2d 746 (9th Cir.1990), the Ninth Circuit found it necessary to consider not only whether a matter was outside the eight motions specifically excluded by § 636(b)(1)(A) from a magistrate judge's jurisdiction to enter final orders, but also whether the matter was *analogous* to any of the eight excluded motions. There, the district court referred a case to a magistrate judge for all pretrial proceedings pursuant to a local rule and to § 636(b)(1)(A), which authorizes magistrate judges to hear and determine "any pretrial matter" except the eight enumerated motions. *See id.* at 747 n. 1. During the course of the pretrial proceedings, the magistrate judge ordered Rule 11 sanctions and the party appealed to the district court. *See id.* at 747. The district court regarded the sanctions as a pretrial matter and reviewed the ruling under the clearly erroneous standard provided in § 636(b)(1)(A). *See id.* The district court affirmed the magistrate judge's order and the sanctioned party appealed again. *See id.*

The Ninth Circuit affirmed the Rule 11 sanctions because they were not listed among the excepted motions that magistrate judges are precluded from deciding absent consent *and* did not "have an effect similar to those motions considered dispositive." *See id.* at 748. The court explained that "section 636(b)(1)(A) lists those motions which may not be determined by a magistrate. Accordingly, any motion not listed, *nor analogous to* a motion listed in this category, falls within the non-dispositive group of matters which a

magistrate may determine." *Id.* at 747–48 (emphasis added); *see also Fortney v. United States,* 59 F.3d 117 (9th Cir.1995) (taxpayer's objection to magistrate judge's jurisdiction was not considered because the magistrate judge, who initially believed she had the power to determine the taxpayer's motion to quash, ultimately issued a report and recommendation, which the district court reviewed *de novo* ). Conversely, a magistrate judge may not determine motions that are analogous to the enumerated motions, *i.e.,* dispositive motions.

Accordingly, the issue is whether agency enforcement proceedings are dispositive matters analogous to the eight excluded motions or nondispositive matters analogous to discovery. The Third Circuit has ruled on the nature of enforcement proceedings and a magistrate judge's authority to enter final orders. In *National Labor Relations Bd. v. Frazier,* 966 F.2d 812 (3d Cir.1992), the NLRB sought to enforce a subpoena ad testificandum to compel Frazier to testify in an unfair labor practice proceeding before an administrative law judge. *See id.* at 813. The district court referred the matter to a magistrate judge as if it were a discovery motion, without specifying which provision it relied upon or whether the matter was nondispositive under § 636(b)(1)(A), dispositive under § 636(b)(1)(B), or an additional duty under § 636(b)(3). *See id.* at 816–17. The magistrate judge denied the NLRB's application for enforcement. *See id* at 815.

The NLRB objected as if the magistrate judge's denial was a report and recommendation. *See id.* The district court determined that the enforcement application was nondispositive because it did not fall within any of the dispositive motions specifically excepted from § 636(b)(1)(A) and reviewed it under the clearly erroneous standard. *See id.*

On appeal, the Third Circuit Court of Appeals rejected the district court's "literal reading" of § 636. *See id.* at 817. In the context of determining the proper standard of review, the court found that the application for enforcement of the subpoena was a dispositive motion requiring a report and recommendation followed by *de novo* review. *See id* at 817–18. The court reasoned that the application was more like a motion to dismiss than a nondispositive pretrial matter under § 636(b)(1)(A):

> [I]n a proceeding to enforce a subpoena, the case before the district court is over regardless of which way the court rules. Once the court grants or quashes the agency subpoena, it determines with finality the duties of the parties. The district court proceeding is admittedly collateral to the [agency's] pending administrative proceeding, but the question of whether or not to enforce the subpoena is the only matter before the court. The court's decision seals with finality the district court proceeding and is subject to appellate review.

*Id.* at 817–18; *see also Aluminum Co.,* 663 F.2d 499 (4th Cir.1981) (company's motion to quash administrative search warrant was not a pretrial matter under 636(b)(1)(A) because it set forth all the relief requested). Additionally, the court noted that its decision would be the same, and the review *de novo,* if the matter had been referred under the "additional duties" provision of § 636(b)(3). *See Frazier,* 966 F.2d at 818 n. 4.

The petition at issue here is analogous to a dispositive motion. Once the petition is decided, the matter is over. While the petition to enforce seeks documents and records as in a discovery motion, unlike a discovery motion, the petition is not ancillary to a larger proceeding. It is the entire proceeding. Therefore, based on the foregoing authorities, this Court will issue a report and recommendation.

## II. *Respondent Rita Ann Bell Failed to Show Good Cause Why the Summons Should Not Be Enforced*

### A. *The IRS Summons Power*

The IRS is seeking to collect Respondent's tax liabilities for the tax years 1990

through 1992. The IRS has broad investigatory powers that are set forth in §§ 7601 through 7610 of the Internal Revenue Code. *See* 26 U.S.C. §§ 7601–7610. The principal provision is § 7602, which permits the IRS to issue a summons to compel production of books and records and/or to take the testimony of the taxpayer for any statutorily authorized purpose. *See* § 7602. The five statutory purposes are: (1) to ascertain the correctness of any return; (2) to make a return where none has been made; (3) to determine the liability of any person for internal revenue tax; (4) to determine the liability of any transferee or fiduciary; and (5) to collect any internal revenue tax liability. *See* § 7602(a). Here, the IRS is seeking to collect tax liabilities, a permissible purpose. *See* Verified Petition at ¶ 3; § 7602(a).

■ The summons may be served either by delivery "in hand to the person" to whom it is directed or by leaving it at that person's "last and usual place of abode." *See* § 7603. In this case, the agent taped the summons to Bell's door. *See* Verified Petition at ¶ 7. This form of service is acceptable. *See United States v. Gilleran*, 992 F.2d 232 (9th Cir.1993); *United States v. Bichara*, 826 F.2d 1037 (11th Cir.1987). Although Bell argued that the agent should have followed up with service by mail, the statute has no such requirement.

The time and place of the examination must be "reasonable under all the circumstances." *See* § 7605(a). The examination must be at least 10 days from the date the summons is served. *See id.* Here, the agent served the summons on June 10, 1998 for a return date 15 days later on June 25, 1998. *See* Verified Petition at ¶¶ 7, 9. Bell wrote to the IRS on June 23, 1998 stating that she could not appear on June 25, 1998. On August 10, 1998, the IRS wrote to Bell and rescheduled the examination for September 3, 1998, also more than 10 days out. Bell failed to appear. *See* Verified Petition at ¶¶ 9–14. Because the summons is not self-enforcing,

the IRS filed the present verified petition for enforcement proceedings.

**B.** *Legal Standard*

■ At these proceedings the government bears the burden of establishing that: (1) the summons is issued in an investigation that is being conducted pursuant to a legitimate purpose; (2) the information summoned is relevant to the investigation; (3) the information sought is not already in the IRS' possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *See U.S. v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). The government usually makes the requisite *prima facie* showing by affidavit of the agent. See *Obermeyer v. U.S.*, Case No. MS 1–94–92, 1994 WL 549758 (S.D.Ohio August 15, 1994).

■ The government's burden is slight because this is a summary proceeding. *See United States v. Barker*, Case No. C–90–1039 MHP, 1990 WL 141959 (N.D.Cal. August 28, 1990) (J. Patel). However, "[t]he government's burden, while not great, is also not non-existent." *United States v. Goldman*, 637 F.2d 664, 667 (9th Cir.1980). The agent's mere assertion of relevance may not satisfy the government's burden. *See id.* "Once a summons is challenged, it must be scrutinized by a court to determine whether it seeks information relevant to a legitimate investigative purpose ... The cases show that the federal courts have taken seriously their obligation to apply this standard to fit particular situations, either by refusing enforcement or narrowing the scope of the summons." *Goldman*, 637 F.2d at 668 (citing *United States v. Bisceglia*, 420 U.S. 141, 146, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975)). The court may inquire into the reasons for the examination so as to prevent abuse from the enforcement of a summons. *See Goldman*, 637 F.2d at 666. Once the government meets its initial burden, the burden shifts to the taxpayer to show that enforcement of the summons

would be an abuse of the court's process or that the summons was issued for an improper purpose. *See Barker*, 1990 WL 141959 at *1.

## C. *Analysis*

The government has met its initial burden under *Powell* through the verified petition of agent Fong. The IRS issued the summons pursuant to the legitimate purpose of collecting Bell's delinquent tax liabilities. The information that the IRS seeks is relevant because it pertains to Respondent's ability to pay the tax liabilities. Finally, the IRS does not already possess the information and it has fulfilled all the prerequisite administrative steps to enforcement of the summons. *See* Verified Petition at ¶¶ 6, 15.

In response, Bell raised several points that purport to justify her refusal to appear for examination or to produce the documents summoned by Petitioner. The Court has distilled the following defenses from Respondent's papers and her arguments at the hearing.

First, Bell contends that the IRS improperly served a third party summons on her. *See* Opposing Order to Show Cause/Dismiss with Prejudice at 5; Declaration of Rita Ann Bell at ¶ 13. In support of this argument, Bell cites to the last page of the standard summons that the IRS served on her. That page, "form # 6637," is an information page advising the recipient how to seek reimbursement for costs related to the production of documents, *assuming* the recipient is a third party recordkeeper. Since Bell is not a third-party recordkeeper, this notice does not apply to her. Bell was properly served with the correct form of summons and this contention is without merit.

Second, Bell seeks dismissal under § 7609 of the Internal Revenue Code. *See* Opposing Order to Show Cause/Dismiss with Prejudice at 4. Section 7609, however, concerns only third party summonses and does not apply in this situation.

Third, Bell complains that the Court lacks personal jurisdiction over her because the IRS served her in the name of "Rita A. Bell" rather than in her Christian name, which is "Rita Ann Bell." *See* Opposing Order to Show Cause/Dismiss with Prejudice at 3; Bell Decl. at ¶¶ 1, 7. This argument lacks merit. Rita Ann Bell does not contend that she is not the same person as Rita A. Bell, only that she should be properly addressed as Rita Ann Bell. The government has agreed to address Respondent as Rita Ann Bell in all future communications.

Fourth, Bell argues that compliance with the summons will violate her Fifth Amendment privilege against self-incrimination. *See* Opposing Order to Show Cause/Dismiss with Prejudice at 3; Bell Decl. at ¶ 14. The Fifth Amendment defense, however, is premature at the show-cause stage of the enforcement proceedings. *See United States v. Rendahl*, 746 F.2d 553 (9th Cir.1984) (citing *United States v. Bell*, 448 F.2d 40, 42 (9th Cir. 1971)). In fact, the privilege cannot be litigated at this stage. *See Rendahl*, 746 F.2d at 555. Thus, there is no danger that the privilege might be waived. In order to invoke the privilege properly, Bell must first appear for examination and then raise the privilege on a question-by-question or document-by-document basis. *See id.; see also United States v. Aeilts*, 855 F.Supp. 1114, 1116 (C.D.Cal.1994) (taxpayer may not make blanket assertion of the privilege but must raise in response to each question or document) (citing *Rendahl*, 746 F.2d at 555). Only then can the Court decide if the privilege applies. Blanket assertions of the privilege are not permitted.

## *Conclusion*

For the foregoing reasons, it is hereby recommended that the summons be enforced and that Rita Ann Bell be ordered to appear for examination forthwith and to

testify and produce the requested books and records.

April 19, 1999.